## Adelaide E. Wright v. Wallace E. Wright.

*Divorce: Jurisdiction over marriage relation.* A decree of divorce obtained by the husband against the wife, in the state of Indiana, where the testimony shows that the Indiana court had no jurisdiction, and that the divorce was for that reason invalid, does not preclude the wife from procuring a decree of divorce from the husband in this state.

> If the Indiana divorce had been valid, it does not follow that the courts of this state have no jurisdiction over the marriage relation so far as the wife, residing in this state, is concerned.

*Jurisdiction in divorce causes.* To give the courts of Indiana jurisdiction to grant a decree of divorce the complainant must reside within that state.

> Where the husband resides in Indiana and the wife resides in Michigan, either state has authority, in respect to the marriage relation, to determine upon its validity or to dissolve it, so far as the party resident within its limits is concerned; and if one proceeds in one state such proceeding is no legal impediment to the other's taking like steps in the other state, where it is necessary to the protection of any property or other rights.

*Alimony.* A bill for divorce (under *Comp. L.*, § *3227, Sub. 6*) on the ground that the defendant had obtained a divorce from the complainant in the state of Indiana, on appeal by the defendant from the decree below to this court, does not differ as regards the granting of alimony from any other divorce suit.

*Heard November 3. Decided November 29.*

Appeal in Chancery from Branch Circuit.

*E. G. Fuller,* for the complainant, on July 6, 1871, moved for alimony.

*J. B. Shipman,* for the defendant, *contra.*

CAMPBELL, CH. J.

We see no difference between this and any other divorce suit, so far as the question of alimony is concerned. An allowance of seventy-five dollars is ordered to be paid within thirty days or the appeal will be dismissed.

---

*E. G. Fuller,* for the complainant.

*John B. Shipman,* for the defendant.

WRIGHT v. WRIGHT.

PER CURIAM.

The bill in this case was for a divorce on the ground that the defendant, being a resident of this state, had gone into the state of Indiana, and there, without notice to, or appearance by, the defendant, had procured a divorce from her. The court found the facts to be as alleged, and decreed a divorce as prayed. The defendant appeals on the ground that the Indiana divorce, being entitled to full faith and credit under the constitution of the United States, there was no longer any marriage bond for the court to adjudicate upon, and therefore it was not competent for a Michigan court to assume to dissolve what no longer existed.

The first difficulty with this argument is, that the case shows the Indiana court to have been wholly without jurisdiction, and the divorce therefore invalid. We must suppose the court there to have been imposed upon, or it would never have granted it. Its only importance in this case is, that it furnishes to the complainant the statutory ground for a divorce in this state, for the wrong perpetrated upon her by this Indiana decree.

We do not by any means concede, however, that if the Indiana divorce had been valid, no relief of the nature demanded could have been granted to complainant in this state. Assuming—as we must, to give the court in Indiana any jurisdiction—that defendant resided within that state, the case would be such that both that state and this had authority in respect to the marriage relation, to determine upon its validity, or to dissolve it, so far as the party resident within its own limits is concerned. If one proceeds first, there is no legal impediment to the other's taking like steps afterwards, if it appears important to the protection of any property or other rights. Our legislature has thought in

some cases it might be necessary to do so, and has provided for it by statute.

The decree should be affirmed with an allowance to complainant in this court of one hundred dollars, besides costs,. the allowance to be payable after thirty days.