## PRATT v. MIEDEMA.

1. ACTION—FOREIGN DECREE FOR DIVORCE—ALIMONY—STATUTES.
   Suit for alimony granted in a foreign decree for divorce is authorized by statute in this State (3 Comp. Laws 1929, § 12770).

2. JUDGMENT—RES JUDICATA—FOREIGN DECREE—DOMICILE OF WIFE.
   Decree of divorce granted wife in State of Nevada in her second suit for such purpose constituted a final adjudication of the issue of her domicile where husband appeared by counsel, filed

---

Effect of appearance and contest by defendant of domicile of plaintiff and determination of contest in favor of plaintiff upon subsequent claim, raised by defendant in proceedings in the State of his domicile, that the prior decree, rendered in a foreign court, was void for lack of jurisdiction, see Restatement, Judgments, § 10, comment a and illustration a(2).

an answer and offered proof and raised issue as to validity of Nevada domicile of wife and failed to appeal from decree.

3. SAME—FOREIGN JUDGMENT—FULL FAITH AND CREDIT.

A final adjudication upon issue of wife's domicile in a suit for divorce in Nevada in which defendant husband appeared must be respected by Michigan courts under the full faith and credit clause (U. S. Const. art. 4, § 1).

4. SAME—SUMMARY—FOREIGN JUDGMENT—SUFFICIENCY OF AFFIDAVITS—ADMISSIONS—CERTIFIED PAPERS.

Summary judgment was properly entered in wife's action for alimony granted in foreign decree for divorce where defendant offered no valid defense to case presented by plaintiff and insufficiencies of affidavits in support of motion for summary judgment were supplied by admissions in defendant's answer and certified copies of foreign divorce proceedings.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EXPUNGING OF EXHIBITS FROM RECORD.

Propriety of trial court's order expunging certain of defendant's exhibits from record is not reviewed where decision made cannot be affected by determination of such question.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 9, 1945. (Docket No. 6, Calendar No. 42,858.) Decided April 9, 1945. Rehearing denied May 14, 1945. Certiorari denied by the Supreme Court of the United States October 8, 1945.

Assumpsit by Sadie Pratt against William E. Miedema on alimony provisions of a decree of divorce. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Allaben & Wiarda,* for defendant.

NORTH, J. This suit in assumpsit was brought by plaintiff, Sadie Pratt, formerly Sadie Miedema, to recover accrued instalments of alimony decreed to

her in a Nevada suit for divorce wherein William E. Miedema was defendant. He appeared in the instant suit and answered plaintiff's declaration. Thereafter on plaintiff's motion and hearing thereof summary judgment for $720 was entered. Defendant has appealed.

As disclosed by his answer, the gist of the defense in the instant suit is defendant's claim that the Nevada decree for divorce and alimony "is void and unenforceable in the State of Michigan by reason of its having been obtained by fraud and not being based upon a valid domicile by the plaintiff in said State of Nevada." On hearing plaintiff's motion for summary judgment the trial judge in substance held that, on the record before him, the validity of the Nevada decree could not be assailed by defendant in plaintiff's present suit. Under the circumstances about to be noted this holding was correct.

After having been denied a decree of divorce in 1941, in a Michigan suit brought by her, plaintiff shortly went to Nevada and there obtained a *pro confesso* decree of divorce. Following this there was litigation between these parties in Michigan in which the validity of plaintiff's Nevada *pro confesso* decree was adjudicated. Decision was adverse to plaintiff. She thereupon returned to Nevada where she remained until a second suit for divorce was started, heard and a decree granted to her by the Nevada court in May, 1943. Based on a provision for alimony in that decree plaintiff asserts her right to recover in the instant suit at law the unpaid instalments of alimony due her. Such a suit is authorized in this State by statute. 3 Comp. Laws 1929, § 12770 (Stat. Ann. § 25.141).

An admitted fact of prime importance in this suit is that defendant herein appeared by counsel in the second Nevada divorce suit, filed an answer and

offered proof; and he therein asserted the identical defense pleaded in the instant case, *i. e.,* that plaintiff did not have a valid domicile in Nevada. Decision in the divorce case was adverse to defendant, and plaintiff obtained a decree as above stated. No appeal was taken from this Nevada decree, nor does it appear there have been any subsequent proceedings in the Nevada trial court. As hereinafter stated, the foregoing constituted final adjudication of the issue of plaintiff's Nevada domicile.

Prior to hearing plaintiff's motion for summary judgment in the instant case, defendant by his answer filed therein admitted he was present in the Nevada court at the time plaintiff obtained her decree of divorce and for alimony, that he had appeared in that case "for the sole purpose of denying that said plaintiff had secured a valid domicile and residence in Nevada," and that he has refused to pay the alimony decreed. In support of her motion for summary judgment plaintiff filed certified copies of the following: her amended bill of complaint in the Nevada divorce case, defendant's answer, plaintiff's reply thereto, the findings of fact and conclusions of law by the Nevada court, and of her decree obtained in May, 1943. Defendant's affidavit of merits filed incident to the motion for summary judgment presented no controverted issue of fact triable in this suit nor any tenable legal defense. Instead he merely asserted the right to have a readjudication in this suit of the defense he had unsuccessfully urged in the Nevada suit for divorce—that plaintiff fraudulently asserted a residence in Nevada at the time of her second suit for divorce in that State. On that issue defendant is bound by the decree in the Nevada case wherein he appeared. It is *res judicata;* and, under the full faith and credit clause of the Federal Constitu-

tion (art. 4, § 1), must be respected in Michigan courts.

As to both its factual and legal aspects the case of *Davis* v. *Davis*, 305 U. S. 32 (59 Sup. Ct. 3, 83 L. Ed. 26, 118 A. L. R. 1518), is strikingly like the instant case; and the United States supreme court summed up its conclusion in that case in these words (p. 43):

"Considered in its entirety, the record shows that she (defendant-wife) submitted herself to the jurisdiction of the Virginia court and is bound (in the District of Columbia courts) by its determination that it had jurisdiction of the subject matter and of the parties."

Adjudicated cases relied upon by appellant in this appeal are to be distinguished from the instant case in that either there was no appearance by the defendant in the court of foreign jurisdiction (*Reed* v. *Reed*, 52 Mich. 117 [50 Am. Rep. 247]; *O'Dell* v. *Goff*, 153 Mich. 643); or the appearance was fraudulently entered, or the case was instituted in the court of a foreign State through collusion of the respective parties in which event neither party could assert a right under a decree fraudulently obtained (*People* v. *Dawell*, 25 Mich. 247 [12 Am. Rep. 260]). In the instant case both parties were before the Nevada court which had jurisdiction of the subject matter and the parties, and there is no claim of collusion.

Appellant challenges the sufficiency of the two affidavits made by plaintiff's attorney and filed in support of the motion for summary judgment. Appellant points out that certain factual statements made in the affidavits were obviously within plaintiff's personal knowledge but not within the personal knowledge of her attorney; and further the attorney does not state in his affidavits that if sworn

as a witness he could testify competently to the facts therein set forth. The affidavits of plaintiff's attorney taken alone were not sufficient, but these affidavits together with defendant's admissions in his answer and the certified copies of the proceedings in the Nevada divorce suit presented on the motion for summary judgment a case to which defendant offered no valid defense. Therefore the entry of summary judgment or judgment on the pleadings was justified.

At the hearing of this motion for summary judgment, the trial court expunged from the record certain of defendant's exhibits. Appellant questions the authority of the trial court to have ordered these exhibits expunged. Because of our views hereinbefore expressed, decision herein cannot be affected by the order of the court expunging the exhibits, and therefore such order is not reviewed.

The judgment entered in the trial court is affirmed, with costs to appellee.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.