ALBAUGH *v.* ALBAUGH.

1. DIVORCE—DECREE FOR SPOUSE IN ANOTHER STATE—FULL FAITH AND CREDIT.
  Where plaintiff wife, seeking divorce in this State on statutory ground that husband had obtained a decree of divorce in Missouri, does not assert invalidity of the Missouri decree entered in a suit in which wife appeared personally and by counsel and raised question as to jurisdiction of the Missouri court, she would not be entitled to decree of divorce in this State on basis sought since to do so would infringe both the spirit and the letter of the full faith and credit clause of the Constitution of the United States (U. S. Const. art. 4, § 1; 3 Comp. Laws 1929, § 12728).

2. SAME—COSTS.
  No costs are allowed in wife's unsuccessful suit for divorce based on fact husband had obtained a decree of divorce in Missouri.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 14, 1947. (Docket No. 91, Calendar No. 43,874.) Decided January 6, 1948.

Bill by Myra Albaugh against Vernon A. Albaugh for divorce on ground of obtaining a divorce in another State. Decree for defendant. Plaintiff appeals. Affirmed.

*Buckingham, Piggins & Rehn,* for plaintiff.

*David L. Golden,* for defendant.

CARR, J. The parties to this case were first married in April, 1934. They were divorced in Missouri in 1940 and remarried in 1942. Thereafter they lived together until their separation early in 1943. Subsequent to such separation the defendant enlisted in the armed forces of the United States. After his discharge he instituted suit for divorce in the circuit court for the county of Madison, State of Missouri, and was granted a decree on January 21, 1946. The parties have three children, aged 11, 9, and 4 years, respectively, at the present time. Plaintiff instituted the present suit in the circuit court of Wayne county on March 10, 1947. In her bill of complaint she asked for a divorce, custody of minor children, support and maintenance of plaintiff and said children, a property settlement, and attorney fees. The right to relief was predicated on the fact that defendant had obtained the decree in Missouri in 1946. The validity of such decree was not questioned by plaintiff, although the bill of complaint alleged that it was "obtained fraudulently, without legal evidence and on untrue fictitious claims of injury."

Defendant filed a motion to dismiss, supported by affidavit in accordance with Court Rule No. 18, § 1 (1945), alleging therein that the Michigan court had

no jurisdiction over the subject matter because of the Missouri decree, that plaintiff had submitted herself to the jurisdiction of the Missouri court, having appeared personally and by attorney, that she contested the suit, that the question of residence was raised in the case, that it was judicially determined in his favor, that a property settlement was entered into providing for the support of the plaintiff and the minor children, and that payments pursuant to said property settlement had been made by him and accepted by plaintiff. No counter affidavits were filed in plaintiff's behalf. Following a hearing the trial court granted the motion to dismiss, presumably on the ground that under the facts the Michigan court was without jurisdiction. It does not appear that testimony was taken. After the entry of the order counsel filed an agreed statement of facts which appears in the record and in effect substantiates the claims of defendant as set forth in his motion to dismiss and his supporting affidavit.

It is the claim of plaintiff in substance that she is entitled to invoke the jurisdiction of the Michigan court by virtue of 3 Comp. Laws 1929, § 12728, subd. 6 (Stat. Ann. § 25.86), which reads as follows:

"6. And the circuit courts may, in their discretion, upon application, as in other cases, divorce from the bonds of matrimony any party who is a resident of this State, and whose husband or wife shall have obtained a divorce in any other State."

The question of jurisdiction to grant a decree of divorce under the provision quoted has not been considered by this Court in any prior case in which the facts were analogous to those in the case at bar. In *Wright* v. *Wright,* 24 Mich. 180, defendant, who was a resident of Michigan, had gone into Indiana and procured a divorce from plaintiff without notice to,

or appearance by, her.    Subsequently, the wife brought suit in Michigan, claiming the right to relief under the provision of the statute in question here. The trial court granted a divorce, and this Court affirmed the decree, holding that the Indiana divorce was invalid and saying further that, assuming the validity of such divorce, nevertheless the plaintiff was entitled to prosecute her action for the protection of her rights.

A somewhat similar situation was involved in *Van Inwagen* v. *Van Inwagen,* 86 Mich. 333.    There the defendant raised the question of jurisdiction to hear and determine the wife's divorce suit on the ground that he had previously obtained a decree of divorce from her in Indiana.    He claimed residence in that State at the time but, as in *Wright* v. *Wright,* there was no notice to the wife, except by publication, nor any appearance by her or in her behalf.    The decision in the earlier case was followed and the jurisdiction of the trial court upheld.

In the case at bar the factual situation is quite different from that involved in either of the prior decisions above discussed.    Plaintiff here was subject to the jurisdiction of the Missouri court.    She filed her appearance and answer and contested the husband's right to relief.    Further, she took advantage of the provisions made for her benefit, and the benefit of the minor children, in the property settlement. In effect, she is now asking that the matters submitted to the jurisdiction of the Missouri court shall be relitigated in the courts of Michigan.

The supreme court of Florida in *Keener* v. *Keener,* 152 Fla. 13 (11 South. [2d] 180), had before it a question analogous to the issue here.    The pertinent provision of the Florida statute (Florida Statutes 1941, § 65.04, par. 8) authorized the granting of a decree of divorce on proof ''that the defendant

has obtained a divorce from complainant in any other State or country." In 1936 the parties were divorced in North Carolina, the decree being granted to the husband. Thereafter both removed to Florida, and in 1941 Mrs. Keener started suit for divorce, asking alimony for herself and payments for the support of children. The question of jurisdiction was certified to the supreme court and determined adversely to plaintiff. In reaching the conclusion indicated it was said:

"We have not before been called on to define the scope of the statute brought in question though it was before us in *Givens* v. *Givens,* 121 Fla. 270 (163 South. 574); *McGowin* v. *McGowin,* 131 Fla. 247 (173 South. 927); and *Maclay* v. *Maclay,* 147 Fla. 77 (2 South. [2d] 361). A literal interpretation might require a pronouncement to the effect that when an absolute divorce is granted to a complainant in another State and the defendant in that case becomes the complainant in a divorce suit brought in this State against the complainant in the former suit, the complainant here would be entitled to prevail.

"We do not think such an interpretation comports with reason and justice. It would sanction the relitigation of divorce proceedings long settled by final decrees of courts of competent jurisdiction; it would permit one to be harrassed for suit money in more than one State; there would be no end to divorce litigation; and the full faith and credit clause of the Federal Constitution (U. S. Const. art. 4, § 1) would for that case be set at naught.

"If the foreign divorce is valid in the State where secured, it will be recognized under the full faith and credit provision of the Federal Constitution and may not be basis for divorce in this State. If on the other hand, jurisdiction of the defendant was not acquired or the divorce is not effective as to both parties or is for other reasons invalid, then a complainant here would not be bound by it and would be in position to invoke the provisions of the statute in question to

be relieved from it.  *O. B. Williams and Lillie Shaver Hendricks* v. *State of North Carolina,* decided by the Supreme Court of the United States December 21, 1942.*  The validity of the North Carolina divorce is not questioned here.''

In *Gilbert* v. *Gilbert,* 83 Ohio St. 265 (94 N. E. 421, 35 L. R. A. [N. S.] 521), plaintiff brought suit against the defendant to recover alimony awarded her by an Ohio court, the order therefor having been made in a suit instituted under the Ohio statute for alimony alone.  Defendant filed his answer and a cross-petition, alleging that, some years after the making of the order on which plaintiff's suit was based, he had obtained a decree of divorce in South Dakota in accordance with the laws of that State, that the defendant in said case had voluntarily appeared in person and by her attorneys, that on the proofs offered by the parties he was granted an absolute divorce, and that, at the request of the defendant in the case, permanent alimony was awarded to her, payable monthly until the further order of the court. He further alleged that he was required to pay fees to the wife's attorneys.  In holding on appeal that the answer set up a good defense to plaintiff's action, it was said:

''Mrs. Gilbert appeared in person and with counsel in the case in South Dakota.  She filed her answer in that case, resisted the application for divorce and prayed for the allowance of permanent alimony. By these acts she voluntarily submitted herself to the jurisdiction of the South Dakota court, consented to and invoked the consideration and adjudication by that court of all the marital rights and relations between the parties, and is bound by its decree.''

It was further held that the order for alimony made by the Ohio court, on which plaintiff's cause of

---

* 317 U. S. 287 (63 Sup. Ct. 207, 87 L. Ed. 279, 143 A. L. R. 1273).—REPORTER.

action was based, was terminated by the decree rendered in the suit in South Dakota. It may be noted in passing that after this decision plaintiff filed a reply to the answer, denying that she had submitted to the South Dakota court the question as to the amount of alimony that had accrued under the order of the Ohio court prior to the decree of divorce. On further hearing it was held that she was entitled to have this question litigated in the trial court. The prior opinion was not otherwise modified. *Gilbert* v. *Gilbert,* 90 Ohio St. 417 (108 N. E. 1121).

A similar question was before the Supreme Court of the United States in *Esenwein* v. *Commonwealth,* 325 U. S. 279 (65 Sup. Ct. 1118, 89 L. Ed. 1608, 157 A. L. R. 1396). In that case the wife had obtained a support order in a Pennsylvania court. Subsequently the husband obtained a divorce in Nevada, after which he made application to the Pennsylvania court for relief from the support order. The State court found that the Nevada decree was void because of want of jurisdiction on the part of the court rendering it. This conclusion was sustained, the court recognizing, however, that if the Nevada court had had jurisdiction of the parties and of the case its decree would have operated to terminate the order from which petitioner sought relief. It was specifically pointed out that the full faith and credit clause of the Federal Constitution (art. 4, § 1) required the Pennsylvania courts to accord prima facie validity to the Nevada decree and that the burden rested on the party attacking such decree to establish its invalidity. See, also, *Williams* v. *North Carolina,* 325 U. S. 226 (65 Sup. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366); *Gray* v. *Gray,* 61 Fed. Supp. 367.

The binding force and effect of a decree of divorce entered by a court in another State having jurisdiction over both parties and the subject matter was

recognized in *Pratt* v. *Miedema,* 311 Mich. 64. There the wife obtained a decree of divorce in Nevada, the husband appearing by counsel, filing an answer, and offering proof. The question of jurisdiction of the Nevada court was raised and determined in favor of the plaintiff in that action. She was awarded a decree of divorce and alimony. Subsequently, she brought suit in Michigan to recover the amount of alimony claimed to be due her under the Nevada decree. Defendant sought to raise the question that the Nevada court was without jurisdiction. No appeal was taken in the divorce case. In holding that defendant was not entitled to relitigate the question that he had raised in the Nevada suit, it was said:

"On that issue defendant is bound by the decree in the Nevada case wherein he appeared. It is *res judicata;* and, under the full faith and credit clause of the Federal Constitution (art. 4, § 1), must be respected in Michigan courts.

"As to both its factual and legal aspects the case of *Davis* v. *Davis,* 305 U. S. 32 (59 Sup. Ct. 3, 83 L. Ed. 26, 118 A. L. R. 1518), is strikingly like the instant case; and the United States supreme court summed up its conclusion in that case in these words (p. 43):

"'Considered in its entirety, the record shows that she (defendant-wife) submitted herself to the jurisdiction of the Virginia court and is bound (in the District of Columbia courts) by its determination that it had jurisdiction of the subject matter and of the parties.'

"Adjudicated cases relied upon by appellant in this appeal are to be distinguished from the instant case in that either there was no appearance by the defendant in the court of foreign jurisdiction (*Reed* v. *Reed,* 52 Mich. 117 [50 Am. Rep. 247]; *O'Dell* v. *Goff,* 153 Mich. 643); or the appearance was fraudulently entered, or the case was instituted in the court

of a foreign State through collusion of the respective parties in which event neither party could assert a right under a decree fraudulently obtained (*People* v. *Dawell*, 25 Mich. 247 [12 Am. Rep. 260]). In the instant case both parties were before the Nevada court which had jurisdiction of the subject matter and the parties, and there is no claim of collusion.''

As before noted, plaintiff in the case at bar does not assert the invalidity of the Missouri decree. Had she done so the question could not properly be relitigated by the courts of Michigan, she having appeared in the Missouri court and having contested the right of the plaintiff in that case to a decree of divorce on jurisdictional, as well as factual, grounds. The provision of the statute on which plaintiff relies cannot be given the scope and interpretation contended for in her behalf without infringing on both the spirit and the letter of article 4, § 1, of the Federal Constitution. The language of the Court in *Pratt* v. *Miedema,* above quoted, is squarely in point. We hold that, under the facts here involved, plaintiff is not entitled to maintain her suit.

The order of the trial court is affirmed. In view of the nature of the question involved, no costs are allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.