SUSKI *v.* SUSKI

1. DIVORCE—ACCELERATED JUDGMENT—FOREIGN DIVORCE—RES JUDICATA.

Accelerated judgment on grounds of *res judicata* was proper in a divorce action where defendant had been granted a divorce in Nevada, where the wife, the defendant in the former suit, entered a general appearance through counsel, filed an answer to the husband's complaint for divorce, denied his allegation of domicile in Nevada and his allegation of extreme cruelty, and was represented by counsel at the hearing at which the divorce was granted, and where the judgment included an express finding of jurisdiction in the Nevada court as well as granting of the defendant's requested provision for support of their minor child.

2. DIVORCE—CONSTITUTIONAL LAW—FULL FAITH AND CREDIT—FOREIGN DIVORCE—COLLATERAL ATTACK.

The full faith and credit clause of the Federal Constitution bars a party from collaterally attacking a divorce decree in the courts of a sister state where there has been participation in the divorce proceedings by the attacking party (US Const, art 4, § 1).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 June 15, 1971, at Grand Rapids. (Docket No. 11506.) Decided June 28, 1971.

Complaint by Elaine Louise Suski against Edward Suski for divorce. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 972–976.
[2] 24 Am Jur 2d, Divorce and Separation § 948.

*Ralph B. Hoschner,* for plaintiff.

*Marvin R. Stempien,* for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. Plaintiff commenced proceedings for divorce in Genesee County Circuit Court. In response thereto, defendant interposed a decree of divorce rendered in a Nevada court as *res judicata.* The trial court, finding the decree entitled to full faith and credit,[1] granted defendant an accelerated judgment of dismissal. Plaintiff claims the trial judge erred in according validity to the Nevada divorce decree; the defendant has filed a motion to affirm and, in the face of the authority arrayed against plaintiff, we cannot conclude the issue she raises is substantial enough to warrant formal submission.

With defendant in search of employment, the parties went to Las Vegas, Nevada, in November, 1957. After an altercation, plaintiff returned to Michigan while defendant remained in Nevada. Defendant immediately notified plaintiff of his intention to institute divorce proceedings. On December 6, 1957, plaintiff executed a document authorizing a specific Nevada attorney to "enter my appearance and represent me in said action" conditioned on payment of his fee by defendant and on his obtaining $50 per month support for the parties' minor child.

Pursuant to this authorization, once defendant initiated divorce proceedings, the Nevada attorney the wife had designated entered her appearance. He filed an answer denying the husband's allegation of domicile and his allegation of extreme cruelty. Af-

---

1 US Const, art 4, § 1.

ter a hearing, at which the attorney was again present, a decree of divorce was entered which included an express finding of jurisdiction in the Nevada court and the support provision requested by the wife.

Upon these facts, we are not reviewing a *pro confesso* foreign divorce decree.[2] Rather, this is a case where plaintiff entered a general appearance through counsel, filed an answer, and asserted defendant did not have a valid domicile in Nevada; resolution of the question by the Nevada court constituted final adjudication of the issue of defendant's Nevada domicile, and is entitled to full faith and credit. *Pratt* v. *Miedema* (1945), 311 Mich 64; *Albaugh* v. *Albaugh* (1948), 320 Mich 16. The Full Faith and Credit Clause of the Federal Constitution bars a party from collaterally attacking a divorce decree in the courts of a sister state where there has been participation by the party in the divorce proceedings. *Sherrer* v. *Sherrer* (1948), 334 US 343 (68 S Ct 1087, 92 L Ed 1429); *Davis* v. *Davis* (1938), 305 US 32 (59 S Ct 3, 83 L Ed 26). Plaintiff, after voluntarily authorizing the Nevada attorney to enter her appearance and act in her behalf upon the conditions she set forth, cannot now disassociate herself from those divorce proceedings.

The judgment of the lower court is affirmed.

---

[2] See, *e.g.*, *Gray* v. *Gray* (1948), 320 Mich 49, and *Reinink* v. *Reinink* (1970), 24 Mich App 202, as to the limited validity accorded *pro confesso* foreign decrees in Michigan.