SENATE OPERATING CO., INC., Respondent, v. TELE KING CORP. OF NEW YORK, Appellant, et al., Defendants.— Appeal by defendant designated as Tele King Corp. of New York, from an order of the Supreme Court, Sullivan County, denying its motion to vacate a purported service of a summons upon it. The summons was served in New York State upon one Alexander Wellington. The moving papers assert that there is a New York corporation known as Tele King Corporation with which Wellington has no connection as a person upon whom process may be served. It is further asserted that Wellington is president of Tele King Distributors, Inc., not named as a party to this action. Wellington swears that he knows of no corporation known as " Tele King Corp. of New York " and has no connection with any such corporation. On the other hand, plaintiff asserts it has a written contract which is the basis of the action which is signed " Tele King Corp. of New York, by Alexander Wellington, President ". Plaintiff makes no claim against either of the other corporations mentioned. It is not a case of misnomer. To succeed plaintiff must allege and establish the corporate existence of the named defendant. (Rules Civ. Prac., rule 93.) Plaintiff cannot be deprived of the opportunity to establish corporate existence by a preliminary special appearance and motion to set aside the service. Under the circumstances present here the lower court properly denied the motion. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.

JOSEPHINE D. LA BARR, Respondent, v. MYRON C. LA BARR, Appellant.— Appeal from an order of the Supreme Court made at Special Term in Ulster County, denying appellant's motion for an order to dismiss the second cause of action in the amended complaint. On its face the second cause of action pleaded is sufficient (*Averbuck* v. *Averbuck*, 270 App. Div. 116). In fraud cases the Statute of Limitations does not begin to run until the fraud is discovered. There is nothing in the second cause of action to indicate when the plaintiff may have discovered the fraud she alleges. She was not obliged, however, to negative the Statute of Limitations before the issue was raised. Since the alleged defect does not appear upon the face of her complaint defendant's bare motion to dismiss was not sufficient, although technically such a motion may be made under section 30 of the Civil Practice Act. In view of the structure of the pleading the issue can only be raised in this case by setting it forth as an affirmative defense. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.

JOSEPHINE D. LA BARR, Appellant, v. MYRON C. LA BARR, Respondent.— Appeal from an order of the Supreme Court, Sullivan County, Special Term, which denied appellant's motion for a counsel fee. Appellant's amended complaint sets up a second cause of action to have a divorce decree obtained against her in the State of Nevada in 1929 declared a nullity. She appeared in that action but alleges that her appearance was induced by fraud on the part of the respondent here. The Special Term denied her application for a counsel fee on the ground that her present action does not come within the purview of section 1169-a of the Civil Practice Act; and hence that it had no statutory power to grant an allowance. Order unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.