MARGARET KIENLE, Plaintiff, *v.* EDWARD C. KIENLE, Defendant.

Supreme Court, Special Term, New York County, October 4, 1951.

*Malcolm J. Hartsell* for defendant.

*A. Alexander Katz* and *Samuel I. Hendler* for plaintiff.

RABIN, J. Decision of the court rendered at close of case — I am obliged to grant this motion to dismiss this complaint on the evidence, and I will state the reasons and find the facts and give the conclusions of law in the record, so that there will be no question about the situation.

It appears that this plaintiff and the defendant both are residents of the State of New York and that they were married on the 14th day of February, 1948. There is a child as a result of that marriage, who is now close to three years of age.

It appears, further, that before having entered into this marriage, this defendant had previously been married, the previous marriage having taken place on July 7, 1933. His former wife was named Irene J. Kienle. That former marriage to Irene J. Kienle was terminated by a decree of divorce issued out of the Circuit Court of the Eleventh Judicial District of Florida, in and for Dade County. That decree of divorce was entered on the 29th day of February, 1944.

The plaintiff in this action seeks an annulment on the ground that at the time of the consideration of the divorce proceeding between Irene J. Kienle and Edward C. Kienle by the Florida court, the Florida court did not, in fact or in law, have proper

jurisdiction of those proceedings; that at the time of the commencement of that action and at the time of the issuance of that decree the plaintiff in that action, Irene J. Kienle, was not a resident of and was not domiciled in Florida, but, in fact, was domiciled in the State of New York.

In this proceeding, that is, in the case at bar, the plaintiff made an offer of proof with respect to the residence of Irene J. Kienle at the time she commenced action in Florida and at the time the divorce was entered. Plaintiff's attorney said he would be in a position to prove that, in fact, Irene J. Kienle at those times was a resident of the State of New York and was domiciled in the State of New York, and that the decree entered as between the parties in the Circuit Court of Florida was entered as a result of a misrepresentation by Irene J. Kienle with respect to her residence and her domicile. In effect, in order to establish the cause of action for an annulment in this case at bar, this plaintiff seeks to attack the validity of the Florida decree, and seeks to have this court find it to be void and of no effect.

I denied the application of the plaintiff to submit such proof, upon the objection of counsel for the defendant, because I felt that even though the plaintiff had such proof, I could not accept it, being precluded by the law from so doing.

Incidentally, I might say that merely because the plaintiff in the Florida case owned a piece of property in New York before she went to Florida, and merely because she continued to own it after the decree was rendered and even long after the decree was rendered, that in and of itself, would not be the basis for a finding that her testimony in the Florida court with respect to her residence was fraudulent.

Counsel for the plaintiff stated that he was prepared to prove that Irene J. Kienle was a resident of and domiciled in the State of New York prior to October 5, 1943, and that she then went to Florida. He also stated that Irene J. Kienle did not return to the State of New York until several years after the Florida proceeding had terminated.

It is immaterial as to why she did not return to New York. It is immaterial whether she remained in Florida or whether she did not remain in Florida during that interval, because, as I have stated, I am precluded by the law from taking evidence in that respect.

The final decree dated the 29th day of February, 1944, which was granted by the Circuit Court of Florida, contains a recital that there was an appearance by the defendant in that action

and that an answer had been interposed by the defendant in that action.

It is clear, therefore, that, on its face, the court in Florida had jurisdiction of both parties to that action, and in Florida that decree of divorce would be binding upon both those parties, Irene J. Kienle and Edward C. Kienle. It, therefore, would be incumbent upon the courts of the State of New York to give full faith and credit to that decree, and, obviously, under those circumstances where there is an appearance in the Florida court by both those parties, neither of those parties may attack that decree in the courts of the State of New York.

The question that arises is: May the present wife of this defendant, one who married him subsequent to that decree — and, I am willing to assume that she married him without knowledge of the circumstances under which that decree was obtained — attack that decree in a proceeding for annulment, such as we are now litigating here?

I find that the plaintiff in this action must be considered what has been defined by the courts, " a stranger " to the divorce action that was had in Florida, and the answer as to whether this plaintiff, who was in the position of a stranger to that action, may attack that Florida decree depends on whether she would be permitted to do so in the courts of Florida.

In *Matter of Johnson* (301 N. Y. 13), which was decided by the Court of Appeals of the State of New York, it was, in effect, held that in order for somebody, in a position such as the plaintiff in this case, to be permitted to attack a foreign decree, such as was granted to this defendant's former wife, it would have to be shown that such attack would be permitted by her in the courts of the State of Florida. The *Johnson* case went to the United States Supreme Court (*Johnson* v. *Muelberger*, 340 U. S. 581), and the United States Supreme Court, in effect, held that to be the test. The ultimate decision of the *Johnson* case as found by the Court of Appeals was reversed by the United States Supreme Court, because the United States Supreme Court held in that case that the Florida courts would not permit such an attack on their decree, which holding in that respect differed from the finding made by the New York Court of Appeals. But it is clear that, under the law as enunciated by both the Court of Appeals and the United States Supreme Court in the *Johnson* case, it must be shown that this plaintiff would be permitted to attack the Florida decree in the courts of Florida before she may be heard by the courts in the State of New York. There is no

difference in the opinion of the Court of Appeals and that of the United States Supreme Court in that respect, and in that respect there was no reversal.

So it is incumbent upon me to determine that preliminary question: Would she be permitted to attack this decree in the courts of Florida? If she would be, then I would be permitted to entertain such an attack here, and it would not be in violation of the full faith and credit clause of the Constitution for the courts here to do so. If she would not be permitted to attack it in Florida, then it would not be giving full faith and credit to the decree of the Florida Court if I were to give consideration to such an attack.

There is no case that has been called to my attention where such an attack by the plaintiff would be permitted in the courts of Florida. On the contrary, I find that the law of Florida considers a person in such a position as the plaintiff to be " a stranger " to the divorce decree that was granted by the courts of the State of Florida in the case under consideration there, and that she would not be permitted to institute an action or in any wise to attack collaterally the decree that was issued there.

That being so, I am constrained to find that she may not attack the Florida decree here, under the authority of the *Johnson* case; and, under the circumstances, not being permitted to do so here, it would have served no useful purpose for me to have taken the evidence that plaintiff offered. This disposes of the entire issue. For that reason, I am obliged to grant, and I do grant the motion of the defendant to dismiss the plaintiff's case, and I do so on the merits.

In view of the fact that at the time this action was instituted the law was not so clearly laid down as it is now by the *Johnson* case, and in view of the fact that this case was started before the decision of the Supreme Court in the *Johnson* case, I direct that this dismissal be without costs.

Judgment signed and filed.

This constitutes the decision of the court as required under sections 439 and 440 of the Civil Practice Act.