ANGELINE STANZEL, Plaintiff, *v.* EMIL F. STANZEL, Defendant.

Supreme Court, Special Term, Monroe County, August 19, 1955.

*Joseph A. Taddeo* for plaintiff.

*Philetus M. Chamberlain* for defendant.

WITMER, J. In this action plaintiff seeks a judgment declaring the validity of her marriage to defendant, and this is a motion under section 1169-a of the Civil Practice Act for an order requiring defendant to pay plaintiff's necessary counsel fee in the action.

It appears that the parties were married in Rochester, New York in 1949; that there are no issue of the marriage; that in January, 1954, this court granted to defendant a judgment of separation against the plaintiff, which of course contains no provision for support of the plaintiff; that defendant remarried in Ohio in September of 1954; and that in May, 1955, defendant obtained in the State of Nevada a decree of divorce against the plaintiff.

Plaintiff alleges that she was not served in Nevada and made no appearance in the Nevada action, and that said Nevada decree was obtained through fraud practiced upon said court, because in fact defendant has not at any time been domiciled in Nevada, and that said decree is not entitled to recognition in the State of New York.

Defendant has submitted no papers denying the allegations in plaintiff's complaint and the statements in the affidavits in support of this motion. He takes the position that since he secured a judgment of separation against the plaintiff in 1954, he has no obligation to support her; that counsel fees are in the nature of support, and hence plaintiff is not entitled to an order requiring defendant to pay a counsel fee herein.

Plaintiff makes no request for temporary alimony and, of course, is entitled to none because of the New York separation judgment (see *Sullivan* v. *Sullivan,* 285 App. Div. 967, and *Blueglass* v. *Blueglass,* 127 Misc. 157), and also because of the Nevada divorce decree (*Harris* v. *Harris,* 279 App. Div. 542).

Defendant contends that the case of *Weidlich* v. *Richards* (276 App. Div. 383) supports his contention that he may not be required to pay his wife's counsel fee herein. That case is authority for the proposition that if defendant had not been required to pay his wife's legal expenses in the separation action before the judgment was entered in defendant's favor, thereafter he could not be required to pay such expenses.

In the present case, however, we have a new situation, which has arisen since the entry of the judgment of separation, because of the acts of the defendant affecting his marital status with plaintiff. Plaintiff has the right to know what effect defendant's acts have had upon her status. Had she chosen, she could have brought action for a divorce, and when met with the defense of the Nevada decree, she could have applied for counsel fee as she is now doing. (*Harris* v. *Harris*, 279 App. Div. 542, *supra.*) Section 1169-a of the Civil Practice Act provides expressly for the allowance of counsel fees to a wife under the circumstances of the instant case. The fact that the wife has lost her right to support does not deprive her of the right to counsel fees in an action to determine her marital status, which has become in doubt by reason of the acts of her husband. (Civ. Prac. Act, § 1169-a; *Mazzilli* v. *Mazzilli*, 137 N. Y. S. 2d 183; cf. *Matter of Levine*, 194 Misc. 518.)

Plaintiff's motion, therefore, is granted, and an order may be entered requiring defendant to pay to plaintiff the sum of $350 counsel fee herein, without prejudice to the right of the plaintiff to apply to the court upon the trial for additional allowance in the court's discretion in the light of the services which may then be shown to have been performed in behalf of the plaintiff.

Submit order accordingly.