Ben-jamin Brenner, J.
The plaintiff wife’s marriage cannot be annulled for she is barred from attacking the Florida decree of divorce procured by the defendant husband against his former wife who voluntarily appeared in that State and consented to such decree. The rule forbidding a third-party collateral attack on a decree of a sister State based on personal jurisdiction of both parties unless the attack is permissible in the rendering State is now firmly established (Johnson v. Muelberger, 340 U. S. 581; Kienle v. Kienle, 201 Misc. 948; Phillips v. Phillips, 15 Misc 2d 884). Since the challenged decree in the instant case is one issued in Florida, it is important to note that Florida law does not allow a collateral attack on its decree by a third party in that State (De Marigny v. De Marigny, 43 So. 2d 442 [Fla.]; Gaylord v. Gaylord, 45 So. 2d 507 [Fla.]; Kienle v. Kienle, supra).
The cases cited by plaintiff predate Johnson (supra) and are thus inappropriate, nor is Matter of Pugarelli (10 Mise 2d 456) helpful to the plaintiff. In the latter case the court did not reach any contrary conclusion. Indeed, it distinguished the facts therein from a cited Florida case by declaring that the cited Florida case was not a collateral attack by a stranger but a direct attack by the Attorney-General of the State of Florida. *739 Nor is Richards v. Richards (2 Mise 2d 596) helpful to plaintiff, though subsequent to the -holding in Johnson (supra) because there the third party was able to prove that the State of New Jersey itself permitted the collateral attack upon its own decree. Since the Florida decree herein may not be challenged, the motion made upon trial to exclude proof of defendant’s non-residence in Florida must be granted and the complaint dismissed for failure to prove invalidity of the existing marriage.
Plaintiff requests alimony despite the dismissal of her complaint, citing sections 1170-a and 1140-a of the Civil Practice Act. The former section is applicable insofar as it entitles her to seek support for the children regardless of the outcome of this suit or of a determination as to the validity of the marriage.
The case is otherwise in regard to section 1140-a of the Civil Practice Act. She is not entitled to support for herself following a dismissal of her suit to annul the marriage. Section 1140-a of the Civil Practice Act, which gives discretionary power to the court to make provision for support of the wife, pertains solely to causes where the marriage is declared to be a nullity, for upon such declaration the wife is left without the protection of the marriage status. This is the precise recommendation of the Law Revision Commission (1940 Report of N. Y. Law Rev. Comm., p. 245): “ The present New York rule is objectionable * * *. It results in injustice in cases where a void marriage, of some duration and contracted in good faith by the wife, is declared void.” (Emphasis supplied.)
Again in Johnson v. Johnson (295 N. Y. 477) Judge Ftjld, in referring to the intention of the Law Revision Commission, refers to a void or voidable marriage (p. 481): “ [The Commission] demonstrates unequivocally an intent to embrace all the situations in which the Domestic Relations Law (§§ 5, 6, 7) declares a marriage to be void or voidable. ’ ’
Finally, in Gaines v. Jacobsen (308 N. Y. 218, 225) the following significant language is used: “By writing section 1140-a into the law, the legislature has chosen, without regard to whether the marriage is void or voidable, to attach to annulled marriages sufficient validity and significance to support an award of alimony, in other words, to serve, the same as any valid marriage would, as the foundation of a continuing duty to support the wife after the marriage is terminated.” (Emphasis supplied.)
It is thus clear that a provision for the support of a wife is not possible where she fails in her suit to annul the marriage, for, being obliged to acknowledge the validity of her husband’s divorce decree against his former spouse, she must accept her *740 status as the wife of the defendant and seek her remedy for support either in a proceeding in the Domestic Relations Court or in an appropriate proceeding here. She may be entitled to support but she cannot claim such right in her present unsuccessful suit to annul or under the provisions of section 1140-a of the Civil Practice Act (Berkowicz v. Berkowicz, 1 A D 2d 1019).
The complaint herein is dismissed. The judgment to be entered shall provide that the defendant pay the sum of $25 weekly as and for the support of the children of the marriage and that the plaintiff have custody of the children with appropriate visitation rights to the defendant.
Submit findings and judgment.