David Kusnetz, J.
The plaintiff, in an action to declare the nullity of a judgment of divorce that the defendant obtained *869 against her in the State of Alabama, moves for counsel fees pursuant to section 1169-a of the Civil Practice Act.
The defendant moves for summary judgment dismissing the complaint upon the ground that the plaintiff is precluded from questioning the validity of the aforesaid judgment of divorce because she appeared in the divorce action pursuant to a power of attorney which she executed and acknowledged on May 7, 1958 authorizing an attorney at law in the State of Alabama to submit her to the jurisdiction of its courts and to file an answer and waiver on her behalf.
The plaintiff, in her complaint, alleges that the aforesaid judgment of divorce was fraudulently obtained by the defendant ; that no process in the divorce action was ever served upon her and that after a number of family quarrels the defendant asked her, on or about May 7, 1958, to sign a paper which she ‘ ‘ did not read nor was she permitted to read. ’ ’ In her opposing affidavit, plaintiff claims that she had discussed with the defendant the matter of an amicable separation prior to May 7, 1958; that they agreed to separate, the defendant to pay her $40 a week for her support; that on or about the foregoing date, defendant appeared in the company of friends at plaintiff’s home, showed her some papers, told her that they represented a separation agreement providing for the foregoing weekly support and asked her to sign her name; that she did so and immediately thereafter the defendant and his friends left her home. When the defendant failed to pay the maintenance he had agreed upon, as aforesaid, she finally confronted him in July, 1958, at which time he told her that they had been divorced and that the paper she had signed in May was not a separation agreement, but a consent to an Alabama divorce.
The defendant denies this and claims that plaintiff was duly and thoroughly apprised of each step of the divorce proceeding and that she signed the power of attorney with full knowledge of its contents. The notary public, who took the acknowledgement of said instrument, swears that plaintiff read it and had it read to her before signing it, and, indeed, had asked various, questions relating to the contents thereof.
It is clear from all of the foregoing that the jurisdictional efficacy of the judgment of divorce agains the plaintiff depends upon whether her appearance in the divorce action was voluntary (see Boxer v. Boxer, 12 Misc 2d 205) or induced by fraud (La Barr v. La Barr, 278 App. Div. 995; Averbuch v. Averbuch, 270 App. Div. 116; Gammarata v. Cammarata, 112 N. Y. S. 2d 111). That issue cannot be decided summarily upon the con- *870 Rioting affidavits before this court. There must be a trial in the usual way to determine whether fraud was practiced in connection with the execution of the power of attorney authorizing the appearance of the plaintiff in the divorce action (see White v. Idsardi, 253 App. Div, 36, 100), -Credibility of the affiants is for the trier of the facts. (Bernstein v. Kritzer, 224 App. Div. 387, 389.)
The motion for ¡summary judgment is accordingly denied.
The court also denies the plaintiff’s motion for a counsel fee solely because the provisions of section 1169-a .of the Civil Practice Act contemplate such an .allowance where the wife did not appear in the divorce action, the resulting judgment of which she seeks to nullify. And so it was decided in La Barr v. La Barr (supra) where the Appellate Division -of the 'Third Department held that there was no statutory power to grant an allowance of counsel fees in an .action by a wife to have a divorce decree rendered against her in a ¡sister ¡State nullified upon the ground that her appearance was induced by fraud.
Submit order.