J. Irwin Shapiro, J.
This is an action for an annulment and for a decree declaring that the two children of the marriage between plaintiff and defendant are their legitimate issue and awarding their custody to the plaintiff.
*633 Plaintiff and defendant were married at Greenwich, County of Fairfield, State of Connecticut, on May 21, 1946.
As a result of said marriage, which was a ceremonial one, there were two issue, Rosemary Elizabeth Nitschke, born on December 13, 1947 and Rudolph Joseph Nitschke, born on February 17,1949, both now living.
Prior to entering into said marriage with the plaintiff, the defendant was legally married to one Johanna Nitschke on November 12,1927.
At the time that the defendant entered into the marriage ceremony with the plaintiff in Connecticut on May 21,1946, his marriage to Johanna Nitschke, who was then alive, had not been annulled or dissolved and was then in full force and effect, except that the defendant had obtained a decree of divorce in Mexico.
That decree of divorce was of the mail-order variety, and both parties to this action correctly agree that it is of no force and effect as a matter of law, and that, therefore, the marriage entered into between the plaintiff and the defendant on May 21, 1946, was void because the defendant was then legally incapacitated from entering into said marriage.
The parties realizing that the Mexico divorce was invalid, the defendant here ‘ ‘ went to Alabama and there brought action for divorce against the aforesaid Johanna Nitschke, the first wife, who duly appeared in said action by an attorney. ’ ’
Subsequent to the rendition of the decree of divorce by the Alabama court, the plaintiff and defendant herein remarried at the office of the City Clerk of the City of New York, County of Queens, State of New York.
The plaintiff contends that she is entitled to a decree of annulment by reason of the invalidity of the Alabama divorce, because at the time that the defendant obtained that decree of divorce he was not a resident of the State of Alabama “ and that a fraud was perpetrated upon the courts of that State when the decree of divorce was obtained there.”
In making this contention plaintiff overlooks the fact that her complaint does not recite her second marriage to the defendant in New York State but merely alleges the Connecticut marriage on May 21, 1946, and seeks a judgment “ declaring said marriage between plaintiff and defendant null and void.”
A declaration to that effect in this case would accomplish nothing because it was stipulated upon the trial that a subsequent marriage, to wit, the one in New York State, took place between the plaintiff and the defendant. Accordingly, the court will deem the complaint amended to conform to the proof (see *634 Civ. Prac. Act, § 105), and will consider the complaint, as thus amended, to contain a plea for the declaration of the nullity of the New York marriage entered into between plaintiff and defendant.
In opposition to the contention of the plaintiff, attacking the Alabama divorce decree as invalid, the defendant urges ‘ ‘ that this Court may not inquire into the validity of said divorce or attack it collaterally in view of the fact that the defendant in that case, the first wife of the defendant here, appeared and submitted herself to the jurisdiction of that court. ’ ’
Upon the trial I indicated that I would withhold my determination in this ease until the Court of Appeals had passed upon the case of Boxer v. Boxer (7 A D 2d 1001), then sub judice there.
In that case the Alabama decree of divorce was under attack because prior to the institution of the divorce action in that State, the plaintiff wife, as proposed defendant in that action, ‘ ‘ authorized the Alabama attorney to accept service, to execute all documents necessary to bring the action to conclusion and-final adjudication with all possible speed, to submit her to the jurisdiction of the Alabama courts, and to admit as true allegations that her husband, the respondent, was a resident of Alabama.” The Appellate Division said (7 A D 2d 1001) that, “ On the basis of admittedly false evidence to the effect that he was a bona fide resident in Alabama and that appellant was cruel to him, respondent obtained an Alabama decree of divorce on November 6, 1954. The decree recited the finding of the court that it had jurisdiction of the parties and of the cause of action. On October 29,1957 appellant commenced this action in New York.”
Despite those findings of fact and despite the fraud which was perpetrated upon the Alabama court, the Appellate Division held (p. 1002) that, “the Alabama decree finding that respondent was a domiciliary of that State is conclusive on the courts of all the other States, if appellant does not have the power subsequently to attack the decree in Alabama. (Sherrer v. Sherrer, 334 U. S. 343.) Under Alabama law appellant could not attack the Alabama decree because she failed to contest the jurisdictional allegations in the divorce action without negligence, since she knew of their falsity immediately and in time to interpose a defense, and because she failed to appeal from the decree within the time limited by law. (Levine v. Levine, 262 Ala. 491.) Under the circumstances, she is not permitted to attack the decree in New York,”
*635 The determination of the Appellate Division in that case was unanimously affirmed, without opinion by the Court of Appeals. (7 N Y 2d 781.) The attack upon the Alabama decree in this case, however, is not made by one of the parties thereto but by the plaintiff, a stranger thereto. Thai nevertheless, does not change the applicable rule of law. (Johnson v. Muelberger, 340 U. S. 581.)
In the Johnson case the question was “ The right of a daughter to attack in New York the validity of her deceased father’s Florida divorce * * *, The divorce was granted in Florida after the father appeared there and contested the merits. The issue, turns on the effect in New York under these circumstances of the Full Faith and Credit Clause of the Federal Constitution ” (p. 582).
Said the court (pp. 587-589): “ It is clear from the foregoing that, under our decisions, a state by virtue of the clause must give full faith and credit to an out-of-state divorce by barring either party to that divorce who has been personally served or who has entered a personal appearance from collaterally attacking the decree. Such an attack is barred where the party attacking would not be permitted to make a collateral attack in the courts of the granting state. This rule the Court of Appeals recognized. 301 N. Y. 13,17, 92 N. E. 2d 44, 46. It determined, however, that a ‘ stranger to the divorce action,’ as the daughter was held to be in New York, may collaterally attack her father’s Florida divorce in New York if she could have attacked it in Florida. * * * We conclude that Florida would not permit Mrs. Muelberger to attack the Florida decree of divorce between her father and his second wife as beyond the jurisdiction of the rendering court. In that case New York cannot permit such an attack by reason of the Full Faith and Credit Clause. When a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering state, it cannot be attacked by them anywhere in the Union. The Full Faith and Credit Clause forbids.”
Since neither the plaintiff nor the defendant, parties to the Alabama decree of divorce, can attack it upon jurisdictional grounds (Levine v. Levine, 262 Ala. 491), this plaintiff, a “ stranger to the divorce action ”, is likewise barred from attacking it under the Full Faith and Credit Clause of the United States Constitution.
For the sake of clarity it should be observed that we . are here dealing with foreign decrees of divorce wherein there was per *636 sonal jurisdiction obtained of the defendant either by personal service or by voluntary appearance, and that the rule here stated is not applicable to a sister State divorce obtained without personal service or without personal appearance. In such á case the decree of divorce is still subject to attack in New York by strangers thereto on the ground of lack of jurisdiction in the decreeing court. (Matter of Bourne, 2 A D 2d 896.)
Both parties agree that the decree to be entered herein should contain a provision legitimatizing the issue of the marriage, and awarding their custody to the plaintiff. That accords with the statutory law on the subject. (Civ. Prac. Act, § 1135.)
In view of the foregoing, that portion of the complaint seeking a decree of annulment is dismissed. The children are declared legitimate and their custody is awarded to the plaintiff.
Proceed accordingly on notice.