Murray T. Feiden, J.
Motion for alimony and counsel fee pendente lite. Plaintiff’s amended complaint includes three causes of action. The first cause of action seeks a declaratory *136 judgment that a divorce decree secured by plaintiff’s husband in the State of Alabama is null and void. Belief is sought in respect of the second cause of action, setting aside a separation agreement signed by the parties on the ground that it is against public policy and void inasmuch as no provision is therein made for support to the plaintiff. As to such second cause reference is made in the motion papers to facts indicating that after the signing of such separation agreement the parties treated it as a nullity and continued to live together. The third cause of action is for a separation on the ground that the defendant abandoned the plaintiff and the issue of the marriage and has failed adequately to provide support.
The separation agreement is dated April 8, 1960, which, according to the amended complaint, is the date when defendant abandoned the plaintiff. Paragraph “ 4 ” thereof provides for a waiver by the plaintiff of her fight to support. The custody of the infant children, aged two and one-half years and one and one-half years, respectively, is given to the defendant father. Though the agreement was signed more than four months ago, these children still appear to be in the custody of the plaintiff. The Alabama decree of divorce is dated April 16, 1960. It was granted on the personal appearance of the defendant husband and on the filing of a notice of appearance by the plaintiff wife. Plaintiff alleges in her moving papers that she was not represented by an attorney Avhen she signed the separation agreement or Avhen she executed the poAver of attorney by which she authorized the appearance in Alabama. She claims that she signed the separation agreement when it was brought home by her husband and that she was coerced into signing the authorization for the notice of appearance in the Alabama action.
The defendant, though represented by an attorney on' the argument, has filed no papers in opposition.
The Alabama decree of divorce, secured on the personal appearance of the defendant husband and appearance by the plaintiff wife is a bar to the granting of plaintiff’s motion for pendente lite relief. Such award cannot be made until there is a judicial determination that the ‘foreign decree is invalid. (Di Benedetto v. Di Benedetto, 284 App. Div. 982; Garthe v. Garthe, 279 App. Div. 983; Harris v. Harris, 279 App. Div. 542; Taffel v. Taffel, 181 Misc. 259; Spielberger v. Spielberger. 122 N. Y. S. 2d 858.)
On the present state of facts, as gleaned from the papers, unless the divorce decree be successfully attacked either in this action or in Alabama, it is a valid judgment. (Boxer v. Boxer, 7 N Y 2d 781; Nitschke v. Nitschke, 21 Misc 2d 632.)
*137 The first canse of action seeks relief pursuant to section 1169-a of the Civil Practice Act. That section, however, is applicable only when a foreign divorce is granted when the wife “ did not appear therein (Civ. Prac. Act, § 1169-a; Long v. Long, 281 App. Div. 254; La Barr v. La Barr, 278 App. Div. 995.; Stanzel v. Stanzel, 208 Misc. 269; Swierad v. Swierad, 16 Misc 2d 868; Towers v. Towers, 21 Misc 2d 56; Lasek v. Lasek, 187 N. Y. S. 2d 42.)
Under the circumstances which here obtained the court may not grant temporary alimony or counsel fees on this application.
This conclusion renders unnecessary any determination touching on the effect of the separation agreement on this motion.
However, pending the trial of the action, the issue of the marriage are entitled to support. (Civ. Prac. Act, § 1170-a; Caldwell v. Caldwell, 298 N. Y. 146; Morrison v. Morrison, 270 App. Div. 982; Berkowicz v. Berkowicz, 1 A D 2d 1019.)
The court notes plaintiff’s claim that the rent of the apartment is $155 per month; that she was receiving from the defendant the sum of $80 per week while the parties were residing together. Since the children require an apartment in which to reside, at least until the trial, the defendant is directed to pay the rent and, in addition thereto, the sum of $17.50 per week for each child. The question of counsel fee will be referred to the trial court.