HELEN A. HARTIGAN, Respondent, *v.* JOHN P. HARTIGAN, Appellant.

First Department, April 3, 1962.

*Norton I. Katz* of counsel (*Newman & Katz,* attorneys), for appellant.

*Isaac Gluckman* (*Herman S. Axelrod* with him on the brief), attorney for respondent.

STEVENS, J. This is an appeal from a judgment entered September 6, 1961 in favor of plaintiff in the sum of $5,105.03, and from an order entered September 5, 1961, granting plaintiff's motion for summary judgment upon plaintiff's first cause of action and striking defendant's answer, and granting plaintiff's motion for summary judgment with a direction for assessment of damages upon plaintiff's second cause of action and striking defendant's answer thereto.

On July 20, 1954, the parties entered into a separation agreement which, *inter alia,* provided that the defendant husband pay to plaintiff the sum of $60 per week as and for her support, plus 50% of all Federal and State income taxes payable by the wife upon receipt of the money. Both parties were represented by counsel. On July 28, 1954, plaintiff obtained a decree of divorce in Alabama in an action in which defendant filed formal

appearance but did not contest the action. The decree directed that defendant pay to plaintiff the sum of $60 per week alimony until plaintiff remarries.

On June 17, 1960, the husband filed a petition in the Alabama court to modify the decree so as to eliminate the provisions for alimony. Plaintiff wife cross-moved for relief. The minutes of the hearing reveal that defendant husband sought unsuccessfully, over opposition, to withdraw his petition. A hearing was held in which plaintiff wife testified, and thereafter the court of its own motion entered a decree setting aside the 1954 final decree of divorce on the ground that it was procured by a fraud on the court, was illegal, null and void. That disposition was affirmed on appeal.

Plaintiff's amended and supplemental complaints contain two causes of action. In the first cause she seeks recovery of the arrears due under the 1954 separation agreement. In the second cause plaintiff seeks to recover counsel fees for services in connection with this proceeding, an earlier Municipal Court action, and the Alabama proceeding.

Plaintiff's motion for summary judgment under the first cause of action was properly granted and the judgment entered thereon, from which this appeal is taken, is affirmed. Defendant's argument that the agreement merged into the Alabama decree and that the wife is estopped from claiming such decree invalid is without merit. Only the provision for $60 per week for support in the agreement was matched by a like provision in the decree. There is nothing in the record to show that the parties intended that such agreement be merged into the decree, and many provisions of the agreement are not found therein. Respondent wife appeared in the Alabama proceeding and testified at some length, but she was not the party who initiated the proceeding which culminated in a declaration that the decree of divorce was a nullity. (Cf. *Weiner* v. *Weiner,* 13 A D 2d 937.) Any change in appellant's position came about as a result of a proceeding initiated by him. The decree having been declared void upon the appearance of both parties, it is as if it never existed and the terms of the agreement for payment of support remain operative.

As regards the second cause of action for counsel fees, payment of plaintiff's expenses in the Municipal Court action should have been sought there, for it was within the discretion of the court to allow them. (Civ. Prac. Act, § 1172-d; *Estin* v. *Estin,* 63 N. Y. S. 2d 476, 486, affd. 271 App. Div. 829, affd. 296 N. Y. 308, affd. 334 U. S. 541; *Ageloff* v. *Ageloff,* 207 Misc. 804.) Judgment for plaintiff in the Municipal Court action was

granted on the basis of the Alabama divorce decree, now nonexistent.

There is a grave question whether counsel fees should be allowed for participating in the defense or attempted modification of the Alabama decree procured by fraud in which the moving party actively and knowingly participated. Moreover, by the terms of the separation agreement plaintiff wife agreed not to seek to compel the husband to pay fees, etc., in any matrimonial action. That provision, by its terms, was applicable to the initial proceeding in which the decree of divorce was obtained, as well as to the later proceeding wherein, by virtue of the wife's testimony, the decree was declared a nullity. (Cf. *Epstein* v. *Epstein*, 189 Misc. 978; *La Barr* v. *La Barr*, 278 App. Div. 995 [Case 3]; *Swierad* v. *Swierad*, 16 Misc 2d 868.)

The contention of appellant that the agreement was in fact void as an illegal agreement to procure a divorce is not supported on the record before us. The single claim contained in the second cause of action embraces items for which expenses clearly may not be allowed, and as pleaded it does not permit of separation and allocation. Moreover, plaintiff should not be allowed to both affirm and repudiate the agreement in this action.

Accordingly, the judgment appealed from should be affirmed as indicated, and the order appealed from modified, on the law, to deny summary judgment on the second cause of action, and otherwise affirmed, with costs to the appellant. The order of October 14, 1960, appealed from, should be affirmed, without costs.

VALENTE, J. P., McNALLY, STEUER and BASTOW, JJ., concur.

Judgment unanimously affirmed. Order, entered on September 5, 1961, unanimously modified, on the law, to deny summary judgment on the second cause of action, and, as so modified, affirmed, with costs to the appellant. The order of October 14, 1960, appealed from, is affirmed, without costs.