## STERLING TIRE CORPORATION v. SULLIVAN (GERLINGER, Intervener).

(Circuit Court of Appeals, Ninth Circuit. March 27, 1922.)

No. 3794.

I. Courts ⊙⇒509—Federal court will not pass on merits of order of state court having jurisdiction.

The federal courts will not not pass on the merits of an order of a state court appointing a receiver and fixing his compensation, where the state court had jurisdiction, even though such order apparently resulted in injustice to plaintiff in the federal court.

2. Appearance ⊙⇒9(1)—By counsel to require indemnity bond from receiver is not special.

The appearance of a corporation in receivership proceedings in the state court by its counsel to demand that a bond be given it to indemnify it against damage to property claimed by it and held by the receiver,

which relief was granted by the state court, was not a special appearance, but subjected the corporation to jurisdiction of the state court.

**3. Appearance** ⊛⇒9(1)—**Statement appearance to participate in proceedings is special does not make it so.**

Where counsel for a corporation appeared in proceedings for instruction of a receiver appointed by the state court and for the compensation of such receiver, and actively participated in such proceedings, signing and approving the order of the court, the fact that he stated he appeared specially does not make his appearance a special appearance.

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Replevin at law by the Sterling Tire Corporation against John M. Sullivan, as receiver, in which E. E. Gerlinger intervened, claiming property. Judgment for the plaintiff, subject to the lien in favor of the receiver, and plaintiff brings error. Affirmed.

In an action in the state court Gerlinger sued Hickok for dissolution of a copartnership alleged to consist of Gerlinger and Hickok, trading as the Sterling Tire Company of California, with assets consisting of a contract between the partnership and the Sterling Tire Corporation. Accounting was asked. Sullivan was appointed receiver, gave bond to indemnify Hickok, and took possession of certain automobile tires and tubes consigned to the Sterling Tire Company of California by the Sterling Tire Corporation of New Jersey. Hickok answered, denying the alleged partnership and contract. After the receiver took possession, Mr. Harron, counsel for Hickok, and Mr. Bronson, who represented Gerlinger, appeared in the state court, where Mr. Harron insisted on a larger bond from the receiver. Bond in a larger sum was ordered and furnished.

Continuing the examination into the history before the state court, upon a motion to discharge the receiver the following proceedings were had: "On motion to discharge the receiver Mr. Harron stated that he had been authorized to represent the Sterling Tire Corporation, and he read in open court from the witness stand a telegram from the Sterling Tire Corporation of Rutherford, N. J., authorizing him to act as their attorney and protect their interests." It also appears that Mr. Harron, in behalf of the Sterling Tire Corporation, stated that the tires were of great value and that his client claimed that Hickok had no right to them, and he wished a bond in favor of the Sterling Tire Corporation. Mr. Bronson, counsel for Gerlinger, argued that the corporation last named was not a party to the action and had its proper rights, but Mr. Harron "insisted" that the bond be made, not only in favor of the Sterling Tire Corporation, but in favor of the National Finance Company, also represented by him.

The court ordered Gerlinger to give a new bond in the sum of $5,000. running to Hickok, the Sterling Tire Corporation, and the National Finance Corporation. Gerlinger furnished the new bond, complying with the court's order; the court approved the bond, and ordered previous bonds released. The condition of the new bond was that, in consideration of the premises and the appointment of a receiver, the obligors promised that, in case the receiver should be appointed, plaintiff would pay to the defendant Hickok, or the Sterling Tire Corporation of New Jersey, or the National Finance Company such damages, not exceeding $5,000, which Hickok, or the Sterling Tire Corporation of New Jersey, or the National Finance Company might sustain by reason of the appointment of said receiver, and entry by him upon his duties in case the plaintiff had procured such appointment wrongfully. After the bond was filed, the court denied application of Hickok to vacate the order appointing the receiver. No appeal was taken from the order denying the motion.

Afterwards Mr. Peixotto, attorney for the receiver, notified Mr. Bronson, attorney for Gerlinger, and Mr. Harron, attorney for Hickok, of an application

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
279 F.—22

for instructions and for compensation of the receiver and his attorney. At the hearing on this motion before Judge Shortall, so the bill recites, Mr. Stoker appeared "specially" and stated he had been retained as associated with Mr. Harron in behalf of the Sterling Tire Corporation, and asked that no order be made for the disposition of the tires until he could communicate with the Sterling Tire Corporation of New Jersey and ascertain its wishes and the facts, that the Sterling Tire Corporation was not a party to the action and did not recognize either Gerlinger's or Hickok's claim to the tires, and that sale by the receiver might be prejudicial to his client. Thereafter an order was prepared by the several attorneys and was signed by the court and approved by Mr. Stoker, Mr. Bronson, Mr. Harron, and Mr. Peixotto. This order recited that it appeared that there was a dispute concerning the existence of any contract between the Sterling Tire Corporation of New Jersey and the alleged copartnership and the right of any one to make sales of the tires in the possession of the receiver without the consent of the Sterling Tire Corporation of New Jersey; the said Sterling Tire Corporation "appearing specially in this matter by their attorneys, Howard Harron and McNair & Stoker, and participating herein for the purpose of this motion and order only," and that it was necessary for the court to determine the existence and condition of the contract and that the presence of the Sterling Tire Corporation as a party would "aid the court in said determination."

Therefore it was ordered that, "if the said Sterling Tire Corporation enter its voluntary appearance in the litigation on or before June 10, 1920, and on or before July 6, 1920, file its answer, complaint in intervention, or other pleading herein, setting up its claim of title * * * and its claim as to the existence of the contract set out as Exhibit A to the plaintiff's complaint," then the receiver would hold the property to abide the further order of the court, but in the event the corporation did not enter its voluntary appearance, or having entered its voluntary appearance by June 10th, did not file its answer or other pleading setting forth its claim to the property in the receiver's hands, then the receiver could apply for further directions. The order authorized the receiver to sell only on the consent and approval of the Sterling Tire Corporation of New Jersey, and ordered that the matter of fixing the fees of the receiver and the fees of counsel be continued to the further order of the court. Several days thereafter the Sterling Tire Corporation of New Jersey and the National Finance Company, or either of them, was authorized by the judge of the state court to sue the receiver either in the state or federal court, "to determine the right to the property in the hands of the receiver."

Some months afterwards, on motion of the receiver, the state court made an order settling the receiver's account, and ordered that a sum designated be payable out of the funds which came into the hands and control of the receiver by virtue of his appointment, and that the receiver have a lien upon the fund or property in his possession for his compensation and attorney's fee. A few days after making such order the state court made findings and rendered judgment in favor of Hickok in the case of Gerlinger v. Hickok. The state court found as a fact that there never was a copartnership between Gerlinger and Hickok as alleged in Gerlinger's complaint.

The Sterling Tire Corporation thereafter brought this action in replevin in the federal court to recover possession of the property in the receiver's hands. The receiver challenged jurisdiction, set up the history of the action in the state court, and that the motion to fix the compensation of the receiver and his attorney was still pending in the state court, denied that the Sterling Tire Corporation of New Jersey was entitled to possession, and claimed a lien upon the property mentioned. Gerlinger intervened, set up the proceedings in the state court and prayed that the receiver recover judgment. The Sterling Tire Corporation of New Jersey answered the complaint in intervention, and after trial the court gave judgment in favor of the corporation for possession, subject to the lien in favor of the receiver, as adjudged by the state court. The corporation brought writ of error.

McNair & Stoker, of San Francisco, Cal., for plaintiff in error.

Edgar D. Peixotto, of San Francisco, Cal., for defendant in error Sullivan.

Roy A. Bronson, of San Francisco, Cal., for defendant in error Gerlinger.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] In the light of the final decision of the state court that the copartnership alleged never existed and that the tires never were the property of either of the parties to the action of Gerlinger v. Hickok, there would seem to be an injustice in assessing the expenses of the receivership against the property of the New Jersey corporation, plaintiff in error in the present action. But, on the other hand, jurisdiction of the state court in the action referred to being perfectly clear, the federal courts will not assume to pass upon the merits of the order appointing the receiver or fixing his compensation.

[2] In our opinion the facts show that plaintiff in error recognized the order appointing a receiver and sought the protection of its rights when, upon motion to discharge the receiver, counsel appeared in its behalf, read his authority to act and moved the state court to order a bond to indemnify his client, and obtained a favorable ruling sustaining his motion. Counsel did not then ask for entry limiting his appearance, and having obtained what he asked for in the way of an indemnity to his client, is not now in a position to contend that he made a special appearance. Moreover, for all that appears in the record, the plaintiff in error may yet maintain action on the bond in its favor which the receiver gave to indemnify.

[3] Nor do we believe that, when associate counsel for the New Jersey corporation appeared in the later proceeding, the motion of the receiver for instruction and for compensation, counsel's statement that he appeared "specially" can be held to have been a special appearance. Like the action that had been taken previously by first counsel who appeared, the second appearance was in no way limited to objection to the jurisdiction. In both instances counsel recognized the case in court and actively participated therein. In the one, the bond was prayed for; in the other, counsel sought a continuance of any action in order to learn the facts and wishes of his New Jersey client. The court evidently considered his suggestions, and counsel signed and approved the order of the court concerning a contingent voluntary appearance by the New Jersey corporation within a certain time and the disposition by the receiver of the property in the receiver's possession. 2 R. C. L. 327; 3 Cyc. 504; 4 C. J. 1333; Hupfeld v. Piano Co. (C. C.) 66 Fed. 788; Ex parte Clark, 125 Cal. 389, 58 Pac. 22; Zobel v. Zoble, 151 Cal. 98, 90 Pac. 191; State ex rel. Mackey v. Court, 40 Mont. 359, 106 Pac. 1098, 135 Am. St. Rep. 622.

We find the judgment in favor of plaintiff in error, subject to the lien, as given by the state court is correct.

Affirmed.