## DAVIS *v.* DAVIS.

No. 16.   Argued October 14, 1938.—Decided November 7, 1938.

*Mr. Joseph T. Sherier* for petitioner.

34

*Mr. Crandal Mackey* for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The lower court held a decree of the circuit court of Arlington County, Virginia, entered June 26, 1929, granting petitioner an absolute divorce from respondent upon the ground of desertion, not entitled to recognition in the supreme (now district) court of the District of Columbia. The question arose upon his application to that court to set aside or modify a decree it entered October 29, 1925, granting him divorce *a mensa et thoro* from respondent on the ground of cruelty.

In the District of Columbia, absolute divorce was not then permitted for desertion or cruelty.[1] In Virginia, absolute divorce was authorized where either party willfully deserted or abandoned the other for three years.[2] The circuit courts there have jurisdiction over suits for divorce and alimony. No suit for divorce is maintainable unless one of the parties has been domiciled in the State for at least a year preceding its commencement.[3]

Petitioner and respondent married in 1909 and, until about the time he brought the suit for limited divorce, lived together in the District of Columbia. They had a son and daughter. The decree of separation awarded to him custody of the son; to her, custody of the daughter; and

---

[1] D. C. Code, Tit. 14, § 63.

[2] Va. Code, 1924, § 5103.

[3] Va. Code, 1936, § 5105.

directed him to pay $300 a month for support of wife and daughter.

Petitioner's complaint in the Virginia court alleged that he was a resident of that State for the requisite time, showed that respondent was a resident of the District of Columbia, fully disclosed the proceedings and decree in the District court, and alleged continuous desertion commencing before and extending for more than three years after entry of that decree. Process of the Virginia court was served personally upon the respondent in the District of Columbia. She filed a plea stating that she appeared "specially and for no other purpose than to file this plea to the jurisdiction of the court." In that document she alleged that neither she nor petitioner had been a resident of Virginia for a year before commencement of the suit; and asserted that he was not then a bona fide resident there, but that the residence he was attempting to establish was for the sole purpose of creating jurisdiction in the court to hear and determine the suit for divorce, and was therefore a fraud upon the court and not residence in contemplation of law. The plea prayed judgment whether the court "can or will take any further cognizance of the action aforesaid."

The court entered a decree reciting that the cause came on for hearing upon the complaint, exhibits, other papers, and "argument of counsel," and referring the cause to a commissioner in chancery to ascertain and report whether the court had jurisdiction to hear and determine it and whether a decree of divorce should be entered. The commissioner reported that "by stipulation of counsel it was agreed," that he should only ascertain the facts raised in the plea to the jurisdiction and that no other matter should be inquired into or reported; that he had taken all the testimony submitted by the parties; that in his opinion petitioner was a bona fide resident of Arling-

ton County, Virginia, and that the court had jurisdiction to hear and determine the cause.

Respondent filed exceptions, reiterating the allegations of her plea and asserting that the commissioner's findings were contrary to the evidence. There was a hearing upon the report and exceptions. After argument of counsel for the parties and upon consideration of the evidence, the court found that petitioner was a resident of Arlington County, Virginia, for the requisite time; that it had jurisdiction of the "subject matter and of the parties"; overruled the exceptions, and confirmed the report. Respondent having signified her desire to apply for an appeal, the court ordered operation of the decree suspended for a period of thirty days. It also granted respondent ten days "within which to file such answer or other pleadings in this cause as she may wish." She did not appeal or file answer or other pleading.

The final decree states that the case came on for hearing upon specified papers and depositions of five named persons, taken before a commissioner pursuant to notice served in Arlington County, on counsel who had entered special appearance for respondent, and upon her personally in the District of Columbia. It found: Respondent willfully deserted petitioner February 24, 1925; the desertion continued from that date; three years had elapsed since the entry of the decree *a mensa et thoro*; there has been no reconciliation, and none is probable. It granted petitioner absolute divorce, divested respondent of all rights in his property, and required him to pay $150 per month for support of the daughter. No alimony was allowed respondent.

December 30, 1929, petitioner applied to the District court to have its decree set aside or modified so as not to require him to pay any amount for maintenance of respondent but to provide for the payment of a reason-

able sum for the support of their daughter. The application was based solely upon the Virginia decree. Respondent appeared and opposed the application but raised no question as to the jurisdiction of the Virginia court. It was denied. The court of appeals affirmed on the grounds that the lower court, having entered the decree, retained jurisdiction to enforce or modify its order for maintenance of the wife and daughter; that petitioner's removal to Virginia did not invest the courts of that State with authority to annul or supersede that jurisdiction; and that, the District court having first acquired jurisdiction of the subject matter, its authority continues until the matter is finally disposed of. 61 App. D. C. 48; 57 F. 2d 414. In passing upon that application, neither court considered or decided any question as to jurisdiction of the Virginia court.

April 16, 1935, petitioner filed in the District court another application to have its decree set aside or modified as before prayed. He then sought relief on three grounds: The decree of the Virginia court, the fact that his daughter had married and was no longer living with respondent, and diminution of his income. Respondent answered, alleging that petitioner never was a resident of Virginia and denying the desertion found by the Virginia court. There was a hearing, at which petitioner offered evidence showing the proceedings and decree in the Virginia court, the marriage of the daughter, and that she was living with her husband. Then counsel for respondent applied for time to secure her attendance and that of witnesses who, as he said, would give testimony that petitioner went to Virginia for the sole purpose of getting a divorce, and that he never became a bona fide resident there. Petitioner's counsel admitted that, if present, respondent and the witnesses referred to would so testify, but insisted that the testimony would be incompetent. Respondent offered no other evidence. The trial court denied the application.

The court of appeals, in an unreported opinion, held its earlier decision established the law of the case. Declaring petitioner not responsible for maintenance of his daughter after her marriage, it held that fact should be taken into account, and remanded the case for further consideration as to the amount of alimony to be allowed respondent. Petitioner applied for and the court granted rehearing. It heard argument and filed an opinion, in which it adhered to its ruling that its earlier decision was the law of the case, and held that the decision of the lower court refusing to enforce petitioner's decree of absolute divorce should stand. It said: "The Virginia court did not have full jurisdiction of the parties and the subject matter, and, hence, the decree was not entitled to full faith and credit. . . . It was necessary . . . under . . . *Haddock* v. *Haddock* [201 U. S. 562] . . . that Virginia be the last matrimonial domicil of the parties, or, if not, that the wife be subjected to the jurisdiction of the court [below] either by personal service within the State, or by voluntary appearance and participation in the suit." It held that the matrimonial domicil was not in Virginia; that respondent's special appearance did not give the Virginia court full jurisdiction, or constitute waiver of her objection to jurisdiction. It held petitioner's application one addressed to the discretion of the lower court and that its omission to consider the marriage of the daughter constituted failure to exercise discretion. Accordingly, it reversed and remanded for further proceedings in accordance with the opinion. 96 F. 2d 512.

Art. IV, § 1, requires that judicial proceedings in each State shall be given full faith and credit in the courts of every other State.[4] The Act of May 26, 1790, 1 Stat.

---

[4] "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

122, as amended, R. S. § 905, 28 U. S. C. § 687, declares that judicial proceedings authenticated as there provided shall have such faith and credit given to them in every "court within the United States as they have by law or usage in the courts of the State from which they are taken." [5]   Thus Congress rightly interpreted the clause to mean, not some, but full credit.   *Haddock* v. *Haddock, supra,* 567.   The Act extended the rule of the Constitution to all courts, federal as well as state.   *Mills* v. *Duryee,* 7 Cr. 481, 485.

As to petitioner's domicil for divorce and his standing to invoke jurisdiction of the Virginia court, its finding that he was a bona fide resident of that State for the required time is binding upon respondent in the courts of the District.   She may not say that he was not entitled to sue for divorce in the state court, for she appeared there and by plea put in issue his allegation as to domicil, introduced evidence to show it false, took exceptions to the commissioner's report, and sought to have the court sustain them and uphold her plea.   Plainly, the determination of the decree upon that point is effective for all purposes in this litigation.   *Baldwin* v. *Traveling Men's Assn.,* 283 U. S. 522, 525–526.

---

[5] "The acts of the legislature of any State or Territory, or of any country subject to the jurisdiction of the United States, shall be authenticated by having the seals of such State, Territory, or country affixed thereto.   The records and judicial proceedings of the courts of any State or Territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form.   And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

Nor can it be said that the domicil was not adequate to support, in virtue of the rule of full faith and credit established by Congress, a decree enforceable in the courts of the District of Columbia. Depending on the connection in which used, various meanings have been attributed to the phrase matrimonial domicil. See *Atherton* v. *Atherton*, 181 U. S. 155, 171; *Andrews* v. *Andrews*, 188 U. S. 14, 40; *Haddock* v. *Haddock, supra,* 572; *Thompson* v. *Thompson,* 226 U. S. 551, 562. Definition, inclusive and exclusive, is not to be found; it need not be attempted here. It is enough to say that care should always be taken to determine upon the facts and circumstances of each case whether, in accordance with the general rule, it is the domicil of the husband. See *Cheely* v. *Clayton,* 110 U. S. 701, 705; *Thompson* v. *Thompson, supra.* Cf. *Barber* v. *Barber,* 21 How. 582, 592, 594; *Cheever* v. *Wilson,* 9 Wall. 108, 124. In this case, the wife has been adjudged by the decree *a mensa et thoro,* on which she relies, to have disrupted the marital relation. And by the decree of the Virginia court, the enforcement of which she opposes, she is adjudged to have persisted in desertion of petitioner for a period more than sufficient to entitle him under the laws of that State to dissolution of the bonds. Cf. *Harding* v. *Harding,* 198 U. S. 317, 338–339. While in that State litigating the question of his standing to sue, she chose not to answer charges of willful desertion.

This case differs essentially from *Haddock* v. *Haddock, supra,* relied on by the lower court. There the husband, immediately after marriage in New York, fled to escape his marital obligations and never returned to discharge any of them. The wife remained in that State. He acquired domicil in Connecticut and there obtained absolute divorce. She did not appear in the Connecticut court for any purpose. There was no suggestion that she was at fault or did anything to disrupt the marital relation.

In this case, there exists none of the reasons on which we held the New York court not bound by the full faith and credit clause to enforce in that State the husband's Connecticut divorce. Petitioner frankly presented to the Virginia court the grounds on which he sought release. He gave respondent actual notice of the suit. She appeared, specially as she maintains, and raised and tried the question whether he had standing to sue. In view of these facts, and of her conduct, adjudged repugnant to the marital relation, it would be unreasonable to hold that his domicil in Virginia was not sufficient to entitle him to obtain a divorce having the same force in the District as in that State.

As to respondent's appearance in the Virginia court.— The assertion in her plea that it was special and made for the sole purpose of challenging jurisdiction is of no consequence if in fact it was not so limited. *Sugg* v. *Thornton*, 132 U. S. 524, 530. *Sterling Tire Corp.* v. *Sullivan*, 279 F. 336, 339. If the plea alone may not be held to amount to a general appearance, there arises the question whether, by her participation in the litigation and acquiescence in the orders of the court relating to merits, she submitted herself to its jurisdiction for all purposes. Her plea and conduct are to be considered together.

There had been no claim of jurisdiction over her person. The plea did not challenge jurisdiction over petitioner or the court's authority, if appropriately invoked, to grant the decree petitioner sought. It merely asserted that he lacked domicil required by Virginia law. Her allegations and prayer show that the sole purpose of the plea was to join issue with petitioner's allegation of domicil in Virginia, to secure a finding against him on that point, to obtain decree that he had no standing to bring the suit and so put an end to his efforts to obtain divorce in that State.

The recital in the decree of reference, that the cause came on for hearing upon, *inter alia,* argument of counsel, suggests that both parties were heard. The stipulation of counsel that the commissioner should only ascertain the facts raised by her plea shows action by both parties relating to merits, at least to the extent that it withdrew the case from the commissioner. The record discloses no challenge by respondent to the statement, in the decree overruling her exceptions, that the court had jurisdiction of the subject matter and of the parties. The grant of time within which to answer implies application to that end. A motion for such an order relates to merits. *Hupfeld* v. *Automaton Piano Co.,* 66 F. 788, 789. The service of notice of taking depositions upon respondent in the District of Columbia and upon her counsel in Virginia implies that petitioner's counsel understood that respondent had standing to appear and cross-examine. Plainly her plea and conduct in the Virginia court cannot be regarded as special appearance merely to challenge jurisdiction. Considered in its entirety, the record shows that she submitted herself to the jurisdiction of the Virginia court and is bound by its determination that it had jurisdiction of the subject matter and of the parties. Cf. *Andrews* v. *Andrews, supra,* 40.

No question is here presented as to the effect of the Virginia decree on the power of the District of Columbia court over alimony.

Petitioner is entitled as a matter of right to have the Virginia decree given effect in the courts of the District of Columbia. The decree of the court of appeals must be reversed; the case will be remanded to the district court for proceedings in conformity with this opinion.

*Reversed.*