## WESTBROOK v. BELL.

### No. 540.

Municipal Court of Appeals for the District of Columbia.

Oct. 8, 1947.

Rehearing Denied Oct. 17, 1947.

Herman Miller, of Washington, D. C., for appellant.

George L. Hart, Jr., of Washington, D. C. (Lambert, Hart & Northrop, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This case is here for the second time. It is an action by a landlord for possession of commercial property. On the former appeal (Bell v. Westbrook, D.C.Mun.App., 50 A.2d 264), we reversed a judgment in favor of the tenant. Following the issuance of our mandate the landlord moved for summary judgment in his favor. That motion was granted and the tenant has appealed.

The tenant does not question the merits of the trial court's action in granting summary judgment, but raises questions relating to the jurisdiction of the Court over the person of defendant. This requires consideration of certain proceedings in the case prior to the first appeal. The complaint was filed January 2, 1946. The Marshal made the following return of service of summons: "Summoned by leaving a copy hereof with a person above the age of sixteen years, in possession of the premises; the defendant not to be found." Thereafter Mr. Ammerman, a member of the Bar, communicated with Mr. Hart, the landlord's attorney, stating he had been retained to represent the tenant and intended filing on her behalf a suit in the District Court of the United States for the District of Columbia against the landlord, seeking specific performance of an alleged oral agreement to execute a five-year lease. The two attorneys agreed that the Municipal Court action would be held in abeyance pending the outcome of the District Court action. Mr. Ammerman signed a praecipe entering his appearance in the Municipal Court action and mailed it to Mr. Hart. On the return day neither attorney appeared in court and according to the docket entry the case was returned to the files. Thereafter, Mr. Ammerman filed action in the District Court and procured a temporary injunction restraining the landlord from proceeding further in the Municipal Court action; Mr. Hart defended on behalf of the landlord, and after trial a judgment in favor of the landlord was entered on June 14, 1946, and the temporary injunction dissolved. On June 17 Mr. Hart notified Mr. Ammerman that he desired to proceed with the possession suit in the Municipal Court, that he was filing the praecipe entering Mr. Ammerman's appearance in the case and was calendaring the case for trial on June 25. The praecipe was filed June 17. On June 21 Mr. Am-

merman wrote the Clerk of Court that "it is my desire to withdraw as counsel in this case," that "I have not been retained to represent Mrs. Westbrook in the Landlord and Tenant action," that he understood "she has engaged other counsel," and he "would appreciate being allowed to withdraw as defendant's attorney." On June 24 the tenant's present counsel filed a motion to quash service of process on the ground that proper service of summons and complaint had not been had. Thereafter the court overruled the motion to quash; the tenant answered the complaint; trial was had and judgment entered for the tenant. It was that judgment which we reversed on the former appeal.

■■ The contention is now made that the trial court was in error in overruling the motion to quash service and holding that Mr. Ammerman had entered a general appearance for the tenant. Assuming, without deciding, that the tenant is entitled to now raise the question of service, although she did not raise it on the former appeal but instead urged us to affirm a judgment on the merits in her favor, we hold that the action of the trial court was proper. Civil rule 12 of the trial court, based on rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which in effect abolishes the distinction between general and special appearances,[1] has not been made applicable to landlord and tenant proceedings. Accordingly, if the tenant, through Mr. Ammerman, entered a general appearance she could not thereafter question the jurisdiction of the court over her person.[2] And we think there was ample evidence to support the trial court's finding that the tenant had entered a general appearance. Mr. Ammerman signed a praecipe for his appearance and delivered it to opposing counsel who filed it. The signing of the praecipe was for the purpose of obtaining postponement of the trial of the case, and this related to the merits.[3] Therefore,

when the motion to quash was filed there was already in the case a general appearance by defendant. However, the tenant argues that the record does not show Mr Ammerman's authority to enter an appearance and that his letter to the Clerk indicates a lack of such authority. We do not agree. When Mr. Ammerman, a member of the Bar, entered his appearance there arose a presumption that he acted with authority.[4] His letter, asking leave to withdraw as counsel, indicates that his appearance had been properly entered and that he regarded it as a formal appearance. His statement that he had not been retained to represent the tenant in the action is not a denial of his authority to enter an appearance. The more reasonable interpretation is that the District Court proceeding having been terminated, he was not authorized to proceed further in the possession suit. The presumption of his authority is strengthened by the fact of his representation of the tenant in the District Court case, which sought to establish a lease between landlord and tenant and thereby establish a defense to the present action. Moreover, and of more significance, there is no denial in the record, sworn or otherwise, by the tenant of Mr. Ammerman's authority to act for her. In the absence of such denial the trial court was fully justified in holding that the tenant had entered a general appearance and thereby waived any defect in service of process.

■ The tenant also makes the point of an alleged difference between the notation on the jacket and the entry on the docket relating to the trial court's action on the first return day. The entry on the docket is that the case was sent to the files. The contention seems to be that since the notation on the jacket shows no action by the court, it is possible that the court may have dismissed the action because, under the court rule then in effect, that *could* have been done. Hence, it is argued that

[1] Cooper v. Burton, 75 U.S.App.D.C. 298, 127 F.2d 741.

[2] Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177, 130 A.L.R. 1014. Cf. Crescent Cafe Company, Inc., v. Kass Realty Company, Inc., D.C.Mun. App., 48 A.2d 618.

[3] Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518.

[4] Booth v. Fletcher, 69 App.D.C. 351, 101 F.2d 676, certiorari denied, 307 U. S. 628, 59 S.Ct. 835, 83 L.Ed. 1511.

the docket entry may be incorrect. We can indulge in no such presumption. Without some more direct claim of error in the docket entry, such entry must be taken as correctly reciting the action of the court.

The tenant's final assignment of error, relating to a denial of jury trial, was expressly waived on argument here.

Affirmed.