Lloyd I. Herzka, J.
The plaintiff sues for a declaratory judgment that the defendant is his wife and that a final decree of divorce entered in favor of the defendant against the plaintiff in the State of Florida in January of 1957 is invalid. The defendant has moved to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice upon the *234 ground that the Florida decree is a final judgment determining the marital status of the parties.
An exemplified copy of the judgment roll of the Florida court submitted in support of the motion indicates that the plaintiff in that action (the defendant herein) alleged that she was a bona fide resident of the State of Florida and had been a resident for more than 90 days immediately prior to the filing ' of the suit for divorce. The 90-day residence period was necessary in order for the Florida court to have jurisdiction. In the Florida proceeding the defendant appeared and answering the allegations contained in the plaintiff’s bill of complaint the defendant (plaintiff in this action) alleged “defendant admits that plaintiff is a bona fide and permanent resident of The State of Florida, and that she has been such a resident for more than 90 days immediately last past and immediately prior to the filing of her suit for divorce.” The answer was verified under oath and filed in the Florida court. The final decree, among other things, states “ that the plaintiff has substantiated the fact to be that she has been a resident of The State of Florida for more than 90 days next preceding the filing of her complaint herein; that this court has jurisdiction of this cause and both Plaintiff and Defendant herein; ”.
The plaintiff in this action alleges that the Circuit Court of Florida did not have jurisdiction of the subject matter in that neither the plaintiff nor defendant was ever a resident of the State of Florida or domiciled therein for the length of time required by the Florida statute and that the allegation by plaintiff that she was a resident of Florida and the admission by defendant under oath that she was a resident of Florida were fraudulent.
The motion to dismiss herein is based upon the ground that since the decree is valid and final in the State of Florida it is not subject to collateral attack in the courts of this State. With that position this court is in accord. The plaintiff in this action having appeared and submitted himself to the jurisdiction of the Florida court and having filed an answer under oath admitting the validity of the residence requirement and having admitted that the Florida court had jurisdiction, is precluded from collaterally attacking the divorce decree in this ‘ proceeding. The Florida decree under the circumstances herein is binding upon both of the parties herein. (Senor v. Senor, 297 N. Y. 800, affg. 272 App. Div. 306.) The parties who submitted the controversy to a court of competent jurisdiction and swore to the facts of residence in that jurisdiction should not be permitted at a later date to impeach their oath for their
*235 own private purposes. (Matter of Johnson, 301 N. Y. 13; Davis v. Davis, 305 U. S. 32; Sherrer v. Sherrer, 334 U. S. 343.) In the Sherrer case (pp. 351-352) the court said: “ We believe that the decision of this Court in the Davis case and those in related situations are clearly indicative of the result to be reached here. Those cases stand for the proposition that the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree.” Some of the cases cited by the plaintiff in opposition to this motion refer to instances where both parties had not submitted to the jurisdiction of the foreign court. Others, such as Andrews v. Andrews (188 U. S. 14); Williams v. North Carolina (325 U. S. 226), refer to laws in other States in which it was held that the public policy of the State, as expressed in the statute, would not permit the Commonwealth to recognize divorces obtained by its inhabitants who go into another State to obtain a divorce for a cause not authorized by the laws of that State. It has been held, however, that a foreign decree of divorce, under the circumstances herein, is not against the public policy of the State of New York. (Glaser v. Glaser, 276 N. Y. 296; Matter of Rhinelander, 290 N. Y. 31; Senor v. Senor, supra.) It may be that the plaintiff herein (the defendant in the Florida action) has a right in the Florida court to reopen the proceedings on the ground of alleged fraud. However, the plaintiff does not have that right in the courts of this State. (Lynn v. Lynn, 302 N. Y. 193.) In that case, at page 201, the court said: “The Nevada decree rendered in favor of the husband unquestionably and validly put an end to the parties’ marital status; since the plaintiff appeared and participated in the Nevada action, she may not in this state relitigate the issue of domicile or the jurisdiction of the Nevada court to grant the divorce.”
The decree entered in the Florida court is res judicata and the plaintiff herein is barred from attacking its validity. Therefore, the motion to dismiss the complaint is granted. Settle order on notice.