Lorentine SCHRIOCK, Plaintiff and
Respondent,

v.

William SCHRIOCK, Defendant and
Appellant.

No. 7782.

Supreme Court of North Dakota.

March 23, 1959.

Waldron & Kenner, Minot, for appellant.

Ilvedson, Pringle, Herigstad & Meschke, Minot, for respondent.

SATHRE, Chief Justice.

This is an action by Lorentine Schriock, plaintiff v. William Schriock, defendant to establish in this state a judgment rendered by the circuit court of the State of Oregon, for the County of Clackamas on the 20th day of November, 1946, granting plaintiff an absolute divorce from the defendant, awarding plaintiff custody of their three minor children, and requiring the defendant to pay $150 a month for support of plaintiff and the minor children, to be paid to the County Clerk of Clackamas County, Oregon. The judgment further required the defendant to pay to the plaintiff $150 attorneys fees and $35 court costs.

On September 15, 1956, the Judge of the Circuit Court of the State of Oregon for the County of Clackamas made an order for renewal of said judgment which order provides that:

"It is hereby ordered that the judgment in the above entitled suit rendered and entered on the 20th day of November, 1946, together with the obligation of the defendant therein for periodic payments pursuant thereto be and the same is hereby renewed, and it is further ordered that a new entry of said judgment be made forthwith in the judgment docket in the above entitled court."

Plaintiff's exhibit No. 1 consists of exemplified copies of the judgment, pleadings, citations and other pertinent documents and order for renewal of the judgment.

The complaint in the instant action alleges the facts which resulted in the Oregon judgment, that said judgment so rendered has become final and has never been vacated, modified or set aside, and that the plaintiff has not remarried and is still single; that since the rendition of the judgment and decree in the Oregon court the defendant has moved from the State of Oregon and has become and is now a resident of the State of North Dakota.

The complaint further alleges that the amounts adjudged to be paid to the plaintiff by the Oregon judgment have not been paid by the defendant, and that he has failed, refused and neglected to pay the same and that there is due and owing upon said judgment the sum of $18,035.

In his amended answer the defendant admits that a decree of divorce was granted by the Oregon court, but denies that plaintiff was a resident of the State of Oregon or that she was entitled to a divorce. The answer further alleges that there is another action pending between the parties in Burleigh County, brought by the same plaintiff and involving the same subject matter as the instant action, that answer was served, and that the said action has not been dismissed. The answer then denies each and

every other allegation in the complaint and specifically denies that defendant owes the amount claimed in plaintiff's complaint, and demands judgment for dismissal of plaintiff's cause of action.

At the trial of the instant case the defendant sought to introduce evidence that the plaintiff was not a legal resident of Oregon at the time of the rendition of the divorce judgment. He also sought to introduce evidence of misconduct on the part of the plaintiff as a defense to the divorce action in Oregon, and that the plaintiff had no valid grounds for divorce. The plaintiff objected to such testimony on the grounds that it was an attempt to attack collaterally the Oregon judgment; that by his answer in that action the defendant placed in issue the question of the plaintiff's residence in the State of Oregon; that the Oregon court duly considered the question of residence and found that the plaintiff was a legal resident of that state; that the judgment of the Oregon court is regular on its face and is not subject to collateral attack and is entitled to full faith and credit under the Constitution of the United States.

The trial court sustained the objection, and the defendant thereupon made offers of proof of the facts sought to be established by the testimony offered as above set forth. The plaintiff objected to the offers of proof upon all of the grounds urged against admission of the evidence offered by the defendant, and on the further ground that the defendant appeared in the divorce action, employed counsel and joined issue therein, and that the Oregon judgment is regular on its face and not subject to collateral attack.

The trial court sustained the objection and excluded all evidence except as to payments made or due upon the Oregon judgment. At the close of all of the testimony both parties made motions for directed verdicts, which motions were denied, and the case was submitted to the jury on the single question as to the amount of the balance due on the Oregon judgment.

The jury returned a verdict in favor of the plaintiff in the sum of $13,000 and judgment was entered upon the verdict.

The defendant appealed from the judgment and demanded a trial de novo in this court.

It is the contention of the defendant-appellant that the trial court erred in the following particulars:

1. In refusing to dismiss the action on the grounds that another action was pending between the same parties on the same subject matter and which had not been dismissed.

2. In refusing to permit the defendant-appellant to introduce evidence of misconduct on the part of the plaintiff as a defense to the divorce action brought by the plaintiff in the State of Oregon; in refusing testimony of the defendant as to plaintiff's residence in the State of Oregon;

3. In denying plaintiff's offer of proof of facts sought to be introduced, and in limiting the defendant's proof to payments made or due upon the Oregon judgment.

With reference to specification 1, it is admitted that the plaintiff had commenced an action in Burleigh County against the defendant on the same subject matter; but said action was voluntarily dismissed by the plaintiff prior to the trial of the instant action. Plaintiff introduced in evidence exhibit 4, a certificate of the Clerk of the District Court of Burleigh County, North Dakota, certifying that said action was voluntarily dismissed by the plaintiff and filed by the Clerk of said court on the 16th day of January 1957. The dismissal was made under the provisions of Section 28–0801, NDRC 1943, which provides:

"A civil action, without a final determination of its merits, may be dismissed:

"1. By the plaintiff at any time before trial if a provisional remedy has not been allowed, nor a counterclaim made, nor affirmative relief demanded in the answer, but not more than one

action on the same cause of action against any defendant * * * or an order of the court on notice and cause shown; * * *."

■ In the case of Plott v. Kittelson, 58 N.D. 881, 228 N.W. 217, the defendants alleged in their answer that there was another action pending between the same parties in the same court for the same cause, and also answered on the merits. We quote from the syllabus:

"On proof of another action pending during the trial, the plaintiff moved to dismiss the same, which motion was granted, and judgment dismissing the former action was duly entered on the order of the trial court, and, it further appearing from the record that the defendants were ready for trial, and were prejudiced in no way by reason of the former action, there was no error in dismissing such action and proceeding with the one then before the court."

The instant case was tried in March 1957 and the former action was dismissed without prejudice in January 1957. It follows therefore that the defendant could not be prejudiced in any way because of the former action.

■ The next specification is the refusal of the trial court to permit the defendant to introduce evidence as to misconduct on the part of the plaintiff which would have been a defense to the divorce action in Oregon, and that the plaintiff was not a resident of the State of Oregon at the time of the commencement of the divorce action. These specifications are in effect an attack on the validity of the Oregon judgment and challenge the jurisdiction of that court. In fact all of the remaining specifications are challenges to the jurisdiction of the Oregon court and constitute a collateral attack upon its judgment.

The record of the proceedings which resulted in the Oregon judgment shows that the defendant appeared in response to an order to show cause issued by the Oregon court; that he interposed an answer in the divorce action, in which he alleged that the plaintiff was not a resident of the State of Oregon. He employed counsel to represent him in that action; his counsel had due notice of the time of trial but he failed to appear either in person or by his counsel.

Section 31–0902, NDRC 1943, prescribes the procedure for establishing in this state a judgment of a court of a sister state. It provides:

"Copies of the records and judicial proceedings of any court of the United States, or of any state or territory of the United States, shall be admissible as evidence in this state when attested by the clerk with the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice, or presiding magistrate that the attestation is in due form, and the said records and judicial proceedings so authenticated shall have such faith and credit given to them in every court within this state as they have by law or usage in the courts of the United States or of the state or territory from which they are taken."

The defendant in the instant case challenges the validity of the judgment of the Oregon court on the grounds that neither party to the action was a resident of the State. As we have pointed out herein the defendant answered in the case and specifically denied the residence of the plaintiff in Oregon. He thereby placed in issue the residence of the plaintiff. He employed counsel and was duly notified of the trial but made no appearance personally or by counsel. He had all the opportunity to appear in the case and to present evidence as to the question of the residence of the plaintiff, but this he utterly failed to do.

In the case of Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 6, 83 L.Ed. 26, the courts of the District of Columbia held void an absolute decree of divorce rendered by a Vir-

ginia court for lack of jurisdiction, although defendant had appeared in the Virginia court and fully litigated the issue of plaintiff's residence. The Supreme Court of the United States reversed the decision. We quote from the Opinion:

"As to petitioner's domicil for divorce and his standing to invoke jurisdiction of the Virginia court, its finding that he was a bona fide resident of that State for the required time is binding upon respondent in the courts of the District. She may not say that he was not entitled to sue for divorce in the state court, for she appeared there and by plea put in issue his allegation as to domicil, introduced evidence to show it false, took exceptions to the commissioner's report, and sought to have the court sustain them and uphold her plea. Plainly, the determination of the decree upon that point is effective for all purposes in this litigation. Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525, 526, 51 S.Ct. 517, 518, 75 L.Ed. 1244."

In Sherrer v. Sherrer, 320 Mass. 351, 69 N.E.2d 801, a Florida divorce, where both parties appeared personally or by counsel, was held by the Supreme Court of Massachusetts not to be entitled to full faith and credit in that State because both parties lacked Florida domicile.

The Supreme Court of the United States, 334 U.S. 343, 68 S.Ct. 1087, 1091, 92 L.Ed. 1429, reversed the Massachusetts Court. We quote from the opinion:

"We believe that the decision of this Court in the Davis case and those in related situations are clearly indicative of the result to be reached here. Those cases stand for the proposition that the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree."

With reference to the full faith and credit clause of the Federal Constitution, the Supreme Court of the United States in the case of Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 477, 95 L.Ed. 552, quoted with approval the above excerpt from the Sherrer case. The opinion states:

"It is clear from the foregoing that, under our decision, a state by virtue of the cause must give full faith and credit to an out-of-state divorce by barring either party to that divorce who has been personally served or who has entered a personal appearance from collaterally attacking the decree. Such an attack is barred where the party attacking would not be permitted to make a collateral attack in the courts of the granting state. This rule the Court of Appeals recognized."

In the state of Oregon where a court has jurisdiction of the subject matter and the parties, its judgment can not be impeached collaterally for error of law or irregularity in practice. Morrill v. Morrill, 20 Or. 96, 25 P. 362, 11 L.R.A. 155, 23 Am.St.Rep. 95; Bank of Colfax v. Richardson, 34 Or. 518, 54 P. 359, 75 Am.St.Rep. 664; Richards v. Page Investment Co., 112 Or. 507, 228 P. 937.

The Oregon judgment which the defendant now challenges has been in force for more than 10 years; yet no appeal was taken therefrom nor did he at any time take any action to vacate or set it aside.

The defendant testified that the plaintiff procured a judgment in the district court of Grant County, North Dakota, in October 1948 in the sum of $1,500 for support required by the Oregon judgment to be paid by the defendant, and he introduced in evidence a copy of said judgment, defendant's exhibit A, which recited that:

"The parties having entered into a stipulation in open court by which stipulation it was stipulated and agreed that the plaintiff have judgment on that certain foreign judgment entered in the Circuit Court of Clackamas County, Oregon, on the 20th day of November 1946, in the sum of Fifteen Hundred ($1500.00) Dollars in full settlement of all sums due on such judgment from the date of entry of the said foreign judgment on 20th day of November, 1946, up to and including the 26th day of October, 1948."

The Grant County judgment covered payments due on the Oregon judgment on or before October 26, 1948; the present action is brought to recover payments that have become due after October 26, 1948.

The defendant claimed that two of the minor children, William Jr. and Jerome had lived with and had been supported by him most of the time since the rendition of the divorce decree. Both of the boys were called as witnesses for the defendant, and the most that can be said for their testimony is that they lived with their mother during the school year, and that at one time the defendant had sent them $100 for traveling expenses in coming to North Dakota to visit him. William, Jr., who was 22 years old at the time of the trial had been in the Air Force four years, from 1952 to 1956.

Jerome testified that he lived with his mother in Oregon during the school year but during vacations visited with his father. There is, however, no testimony or proof of the length of time that either of the boys lived with their father or of the amount which he claimed as an off-set to the support money due under the Oregon judgment.

Upon the record before us, the law and judicial decisions cited herein we conclude that the judgment of the Oregon court here challenged is entitled to full faith and credit under Article IV, Section 1, of the Constitution of the United States.

The judgment of the district court is affirmed.

MORRIS and BURKE, JJ., concur.