Gloria Estrella Perefont GARCIA, Plaintiff,

v.

**Maria Ana Otero MAHONES, Defendant.**

Civ. No. 80–2328.

United States District Court, D. Puerto Rico.

Feb. 5, 1981.

---

Estrella García Capella, San Juan, P. R., for plaintiff.

A. J. Amadeo Murga, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

The present action is before us on defendant's motion to dismiss and plaintiff's opposition to motion to dismiss. The jurisdiction of this Court was originally invoked under 42 U.S.C. Section 1983.[1]

In synthesis, plaintiff alleges that a judgment entered by the Superior Court in civil case number 7871, in favor of defendant herein, is contrary to law and unconstitutional because it deprives her of her proper-

---

1. In her memorandum in opposition to defendant's motion to dismiss, plaintiff alleges jurisdiction under 28 U.S.C. Section 1343.

ty without due process of law. Said judgment allegedly gave title to certain property to defendant in the present case which plaintiff in this action alleges belongs to her. The Supreme Court of Puerto Rico denied review of the aforementioned judgment as requested by plaintiff. She now requests that this Court set aside the judgment entered by the Superior Court and that we enter judgment vesting her with title to that property.

■ To constitute a cause of action under 42 U.S.C. Section 1983, plaintiff must demonstrate that she was deprived of rights secured by the Constitution and that such deprivation was achieved under color of state law. *Graseck v. Mauceri,* 582 F.2d 203 (2nd Cir. 1978); *Triplett v. Azordegan,* 570 F.2d 819 (8th Cir. 1978); *Jacobson v. Tahoe Regional Planning Agency,* 566 F.2d 1353 (9th Cir. 1977). The "under color of state law" requirement of 42 U.S.C. Section 1983 is equivalent to the "state action" element of the Fourteenth Amendment, and accordingly Section 1983 is not invoked by purely private conduct. *Briley v. California,* 564 F.2d 849 (9th Cir. 1977). Furthermore, a private individual may not be held liable under Section 1983 unless he conspires with a person who acted under color of state law. *Slavin v. Curry,* 574 F.2d 1256 (5th Cir. 1978), reh. den. 583 F.2d 779 (5th Cir.).

■ By no stretch of the imagination can we interpret the phrase "under color of state law" so as to bring defendant's actions within its purview. Certainly, the fact that defendant acquired title to a property pursuant to a state court judgment, cannot seriously be considered state action under Section 1983.

Defendant also urges dismissal on account of plaintiff's failure to allege a substantial constitutional question. We agree that plaintiff's claims are frivolous and thus insubstantial in that they are no longer open to controversy.

On this point, Supreme Court has stated that:

"Federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit', ... 'wholly insubstantial', ... 'obviously frivolous', ... 'plainly unsubstantial', ... or 'no longer open to discussion' ... [t]he question may be plainly unsubstantial, either because it is "obviously without merit" or because "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for inference that the question sought to be raised can be the subject of controversy." ...' " *Hagans v. Lavine,* 415 U.S. 528, 536–537, 94 S.Ct. 1372, 1378–1379, 39 L.Ed.2d 577 (1974) (citations omitted). "In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous..." *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).

■ Plaintiff herein had an opportunity to present her federal constitutional issue before the state courts or could have preserved it, by notifying the state court that she was preserving the issue. Since she did not do so, she cannot escape the effects of *res judicata*,[2] *Lovely v. Laliberte,* 498 F.2d 1261, 1263–64 (1st Cir. 1974) *cert. denied,* 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316, upon which dismissal is also required.

The record shows that the parties litigated the present controversy fully in the Superior Court of Puerto Rico; a final judgment was rendered on the merits, and review of said judgment was denied by the Supreme Court. Said judgment is now final and unappealable.

■ It is a well established rule that a state court decision is *res judicata* to the identical issues raised under the Civil

---

2. It is of course, clear that a due process violation can never exist in the absence of state action and, therefore, plaintiff's contention is frivolous. *Bricker v. Crane,* 468 F.2d 1228 (1st Cir. 1972); *cert. denied,* 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973).

Rights Act. *Preiser v. Rodríguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Lovely v. Laliberte, supra.*

▆▆▆ Briefly stated, the parties to an action in which a judgment on the merits has been rendered, or their privies, are barred from relitigating the same cause of action in a second proceeding. *Herendeen v. Champion Int'l Corporation*, 525 F.2d 130, 133 (2nd Cir.); *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898. There must be an identity of issues between the prior and subsequent suits before operation of the *res judicata* doctrine is triggered. *Expert Electric, Inc. v. Levine*, 554 F.2d 1227 (2d Cir. 1977), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190. Where a subsequent suit is based on a different cause of action, the principle of collateral estoppel renders the prior judgment conclusive only as to matters necessarily litigated and determined in the prior proceeding. *Southern Pacific Railroad Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897); *Commissioner of Internal Revenue v. Sunnen, supra*, 333 U.S. at 597–98, 68 S.Ct. at 719. Directly on this point, is *P. I. Enterprises, Inc. v. Cataldo*, 457 F.2d 1012, 1015 (1st Cir. 1972) where the court explained that:

> "Obviously the federal cause of action is different from that brought in the state court, but the doctrine of collateral estoppel precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether the judgment was based on the same cause of action ... the significant question is whether a party had a 'full and fair' opportunity for judicial resolution of the same issue."

▆▆▆ Furthermore, through 28 U.S.C. Section 1738 Congress has imposed on federal courts the obligation to give full faith and credit to judgments entered by state courts of competent jurisdiction. *Davis v. Davis*, 305 U.S. 32, 39–40, 59 S.Ct. 3, 6, 83 L.Ed. 26 (1938); *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 274 (2d Cir. 1977). When a federal court is presented with a state court judgment, it is required to give that judgment the same force and effect as it has in the state in which it was rendered. *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 153 (5th Cir. 1974); *Holm v. Shilensky*, 388 F.2d 54, 56 (2d Cir. 1968).

In the present case, plaintiff adduces that certain matters were erroneously decided by the state court and that said interpretation deprived her of her property rights without due process of law. Notwithstanding this argument, the state court proceedings should still be accorded a *res judicata* effect. Certainly, the doctrine of *res judicata* cannot be made to depend on whether the prior judgment was free from error. See *Milliken v. Meyer*, 311 U.S. 457, 462, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940); *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 74–78, 60 S.Ct. 44, 48–50, 84 L.Ed. 85; *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 361 (5th Cir. 1972). Otherwise, judgments would have no finality. The core rationale of the rule of *res judicata* —repose—would cease to exist. See 1B Moore's Federal Practice, 0.405[4–1], at 634–39 (1974).

▆▆▆ Moreover, the federal civil rights acts do not provide for collateral review of final state court judgment. *Mitchell, supra*, 553 F.2d at 273. Federal courts do not sit to review the determinations of state courts. *Bricker v. Crane*, 468 F.2d 1228, 1231 (1st Cir. 1972) cert. denied, 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973).

WHEREFORE, in view of the foregoing, the present action is hereby dismissed with prejudice.

IT IS SO ORDERED.