**In re James A. MARKS and Peggy E. Marks, Debtors.**

**Harold W. JUST, Joyce Esselman, Thomas Schmidt, Lynn McDonald, Jerry Doss, Donald T. Turner, Erick Wilson, Dennis H. Briggs, H. Brown Otopalik, Timothy T. Flaherty and Ronald H. Rozek, Plaintiffs,**

**v.**

**James A. MARKS, Defendant.**

**Bankruptcy No. 91–07113–9P7.**
**Adv. No. 91–604.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 1, 1992.

Lloyd L. Bowein, Naples, Fla., for defendant.

Michael P. Jones, Naples, Fla., for debtor.

Robert W. Clark, Tampa, Fla., for plaintiffs.

Diane L. Jensen, trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by Harold W. Just, *et al.* (Plaintiffs) seeking a determination that debts due and owing by James A. Marks (Debtor) to the Plaintiffs are nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code. The facts which are undisputed and which are relevant to the matter under consideration, as they appear from the record, are as follows:

The Debtor is a former resident of Wisconsin. The Plaintiffs were limited partners with the Debtor in a business venture engaged in a real estate development. Prior to the commencement of this bankruptcy case, the Plaintiffs sued the Debtor in the United States District Court for the Eastern District of Wisconsin. In their suit, the Plaintiffs sought to recover damages suffered as a result of the Debtor's alleged mismanagement of the affairs of the partnership, defalcation, and diversion of partnership funds. Based on the Debtor's failure to respond to the Plaintiffs' discovery request, the District Court struck the Defendant's Answer and entered a Final Judgment by default against the Debtor. The Final Judgment included an award of more than $3 million based on the damage claim of the Plaintiffs, trebled under RICO, plus interest on the debt, plus attorney's fees and costs.

After the Debtor moved to Florida, he filed a Petition for Relief under Chapter 7 of the Bankruptcy Code, and he properly listed the Plaintiffs as creditors on his schedules. In due course, the Plaintiffs timely filed a Complaint seeking a determination that the debt owed to them, represented by the Final Judgment entered by the District Court in Wisconsin, is a nondischargeable obligation based on § 523(a)(4) of the Bankruptcy Code.

The matter under consideration is a Motion for Summary Judgment filed by the Plaintiffs, who contend that there are no genuine issues of material fact and that they are entitled to a judgment in their favor as a matter of law. The Plaintiffs base this contention on the proposition that the Final Judgment entered in their favor in Wisconsin operates with preclusive effect as to issues involved in this adversary proceeding and, for this reason, they are entitled to a determination that their claim against the Debtor should be declared nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code.

Article IV, § 1 of the Constitution mandates that full faith and credit shall be given to judicial proceedings of a state by the courts of every other state, and this rule has been extended to federal courts as well. *Davis v. Davis*, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938). The full faith and credit normally accorded a state court judgment by another state or federal court is manifested by the doctrine of *res judicata* or the doctrine of collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). As a general proposition, the bankruptcy court should not relitigate issues which have been fully litigat-

ed; instead, issues which were actually heard and necessarily decided in a non-bankruptcy forum are precluded from being relitigated in the bankruptcy court. See, *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981); *Matter of Ross*, 602 F.2d 604 (3d Cir.1979).

■ Thus, it is evident that once the liability of a debtor has been established in a non-bankruptcy forum, either through actual litigation or by an entry of a final judgment, the liability can no longer be questioned since it has been conclusively established. It is equally clear, however, that the character of that liability has not been established and could not have been established for the simple reason that whether the liability is excepted from the overall protection of the bankruptcy discharge is an issue which can only be litigated in a bankruptcy court where a case involving a debtor is pending. Section 523(c) mandates that any claim of dischargeability based on § 523(a)(2), (4) or (6) must be determined by the bankruptcy court. Bankruptcy Rule 4007(c) provides that unless such Complaint is filed within sixty days from the first date set for the meeting of creditors, the liability will be discharged, and by virtue of § 524(a)(1) any judgment entered by a non-bankruptcy forum against the debtor would be void.

■ Notwithstanding the foregoing, it is also recognized that based on the doctrine of issue preclusion, also commonly referred to as collateral estoppel, there may be a factual scenario under which the debtor would be precluded to litigate the dischargeability vel non of the liability established by a non-bankruptcy forum prior to the commencement of a case. Thus, even if the elements of a claim of nondischargeability under § 523(a)(2), (4) or (6) have been pled, and either have been actually litigated or could have been litigated, the debtor would be bound and would be barred by the doctrine of collateral estoppel to relitigate the character of the liability.

It was thought earlier that because of the different standards of proof required by the bankruptcy courts in nondischarge-ability cases the doctrine of collateral estoppel did not prevent the relitigation of the character of the liability. See *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988) (clear and convincing standard of proof required in cases under § 523(a); *In re Black*, 787 F.2d 503 (10th Cir.1986) (clear and convincing standard required); *cf.*, *In re Braen*, 900 F.2d 621 (3rd Cir.1990) (preponderance of the evidence standard required); *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988) (preponderance of the evidence standard required). Because of the conflict among the circuits, the Supreme Court granted review of this question, and in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Court held that the standard sufficient to establish a claim of nondischargeability is the preponderance of the evidence standard, rather than a clear and convincing standard.

■ The Eleventh Circuit has recognized the principle of collateral estoppel and has held that a bankruptcy court is precluded from relitigating issues by the doctrine of collateral estoppel only if:

—the issues at stake in the bankruptcy proceeding were identical to those involved in the state court;

—the issues at stake in the bankruptcy proceeding were either actually litigated, or could have been litigated [as in a consent judgment] in the prior proceeding; and

—the determination of the issues in the prior proceeding were a critical and necessary part of the judgment. See, e.g., *Hoskins v. Yanks*, 931 F.2d 42 (11th Cir.1991); *In re Halpern*, 810 F.2d 1061 (11th Cir.1987); *In re Held*, 734 F.2d 628 (11th Cir.1984); *Deweese v. Town of Palm Beach*, 688 F.2d 731 (11th Cir.1982).

In a case of first impression, the Court in *In re Gibbs*, 107 B.R. 492, 497 (Bankr. D.N.J.1989), held that inasmuch as a federal court cannot exercise jurisdiction over a proceeding arising under Title 11 until a bankruptcy case is commenced by the filing of a petition, a federal court determination that a debt is nondischargeable before a

bankruptcy petition is filed is void. Thus, even if the Wisconsin District Court determined the Debtors' liability to the Plaintiffs, the Debtors' Petition for Relief under Chapter 7 of the Bankruptcy Code was filed long after the entry of the Final Judgment in the Wisconsin District Court, and the Wisconsin District Court therefore lacked the jurisdiction to enter any judgment of nondischargeability.

■ While there is no doubt that such issues as fraud, defalcation, or embezzlement would have been, if raised, critical to the judgment of the Wisconsin District Court, in the present instance, it is clear from the Complaint filed in the Wisconsin District Court that no facts were pled which would indicate that this Debtor in fact acted in a fiduciary capacity vis-a-vis these Plaintiffs. It is important to point out, however, that the Complaint filed by these Plaintiffs in this particular instance is based on the allegation that the liability represented by the Judgment entered by the Wisconsin District Court represents an exception from the discharge by virtue of § 523(a)(4) of the Bankruptcy Code. In the Complaint in the Wisconsin District Court, the Plaintiffs failed to plead any of the operating elements of a claim of nondischargeability of § 523(a)(4). It is also clear that the default judgment entered by the District Court was not based on any finding of fraud, breach of a fiduciary duty, embezzlement, or larceny. The judgment entered on January 19, 1990, made no finding except that the Defendant did not diligently pursue his defense. Therefore, the District Court struck the Defendant's Answer and entered a Judgment of Default against the Defendant on April 13, 1990, based on 18 U.S.C. 1964(c), commonly known as the RICO statute, and not based on any of the facts which are essential to establishing a claim of nondischargeability under § 523(a)(4). This being the case, it is evident that the doctrine of collateral estoppel does not bar the litigation of the Plaintiffs' claim of nondischargeability asserted under § 523(a)(4) of the Bankruptcy Code in this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiffs' Motion for Summary Judgment be, and the same is hereby, denied, and a pretrial conference in this matter shall be held before the undersigned on May 1, 1992 at 9:00 a.m. in the Barnett Plaza, 2000 Main Street, Suite 302, Ft. Myers, Florida. The Court will hear all pending motions at the pretrial conference, including motions for summary judgment.

DONE AND ORDERED.